[Cite as *State v. Hempfield*, 2012-Ohio-2619.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. Julie A. Edwards, J. |
| -vs- | Case No. 11-CA-103 |
| BRITTANY A. HEMPFIELD | |
| Defendant-Appellant | O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Licking County Court of Common Pleas, 10 CR 150 |
| JUDGMENT: | Affirmed in part, Reversed in part, and Remanded |
| DATE OF JUDGMENT ENTRY: | June 11, 2012 |

APPEARANCES:

| | |
|---|---|
| For Plaintiff-Appellee | For Defendant-Appellant |
| BRIAN T. WALTZ | DAVID B. STOKES |
| Assistant Prosecuting Attorney | 21 W. Church St, Suite 206 |
| Licking County Prosecutor's Office | Newark, Ohio 43055 |
| 20 S. Second St., 4th Floor | |
| Newark, Ohio 43055 | |

*Hoffman, J.*

{¶1}    Defendant-appellant Brittany A. Hempfield appeals the September 26, 2011 Judgment Entry entered by the Licking County Court of Common Pleas denying her petition for post-conviction relief.  Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE CASE AND FACTS

{¶2}    On March 26, 2010, the Licking County Grand Jury indicted Appellant Brittany Hempfield on two counts of aggravated trafficking in drugs, in violation of R.C. 2925.03(A)(1) and/or (2) and (C)(1)(b) and/or (c); one count of aggravated possession of drugs, in violation of R.C. 2925.11(A) and/or (C)(1)(a); and one count of possession of drug paraphernalia, in violation of R.C. 2925.14.

{¶3}    On July 23, 2010, Appellant pled guilty as charged save for the drug paraphernalia count which was dismissed. By Judgment Entry filed the same date, the trial court sentenced Appellant to an aggregate term of six years in prison.

{¶4}    Appellant filed an appeal with this Court challenging her convictions and sentence.  Via Opinion and Judgment Entry of December 30, 2010, this Court affirmed Appellant's convictions and sentence.

{¶5}    On August 19, 2011, Appellant filed a petition for post-conviction relief. Via Judgment Entry of September 26, 2011, the trial court denied Appellant's petition.

{¶6}    It is from that Judgment Entry Appellant prosecutes this appeal, assigning as error:

{¶7}    "I. THE TRIAL COURT COMMITTED HARMFUL ERROR IN FINDING THAT APPELLANT'S POST-CONVICTION PETITION WAS UNTIMELY, PER R.C. 2953.21(A)(2).

{¶8} "II. THE TRIAL COURT COMMITTED HARMFUL ERROR BY NOT FINDING THAT THE JUDGMENT ENTRY FILED JULY 23, 2010 WAS VOID.

{¶9} "III. THE TRIAL COURT COMMITTED HARMFUL ERROR BY ORDERING, IN ITS SENTENCING ENTRY, THAT APPELLANT SHALL NOT BE CONSIDERED OR RELEASED ON TRANSITIONAL CONTROL.

{¶10} "IV. THE TRIAL COURT COMMITTED HARMFUL ERROR BY DENYING APPELLANT'S MOTIONS(S) TO WITHDRAW HER GUILTY PLEAS."

I.

{¶11} In the first assignment of error, Appellant asserts the trial court erred in finding her petition for post-conviction relief untimely.

{¶12} Ohio Revised Code Section 2953.21 states, in pertinent part,

{¶13} "(2) Except as otherwise provided in section 2953.23 of the Revised Code, a petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the supreme court. If no appeal is taken, except as otherwise provided in section 2953.23 of the Revised Code, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal."

{¶14} The trial court's September 26, 2011 Judgment Entry finds Appellant's petition for post-conviction relief untimely, pursuant to R.C. 2953.21. Appellant asserts the petition is timely as the trial court had failed to rule on her Appellate Rule 9(C)

statement filed on August 4, 2010, during her prior direct appeal.  Neither did the trial court rule on Appellant's July 23, 2010 motion to withdraw her guilty pleas.[1]

{¶15}  Appellant has not set forth legal authority, whether case law, statutory or legal rule recognizing the tolling of the time parameters for filing a petition for postconviction relief where the trial court has not ruled on a request for an Appellate Rule 9(c) statement but the appeal was concluded.  Appellant failed to take the necessary steps to perfect the Appellate Rule 9(c) statement prior to submission of the record on her initial direct appeal.  The proper remedy would have been to seek a ruling from this Court directing the trial court to rule on the same, or, perhaps, file a writ of mandamus.

{¶16}  The first assignment of error is overruled.

II.

{¶17}  In the second assignment of error, Appellant asserts the trial court erred in not finding the July 23, 2010 sentencing entry void.  Specifically, Appellant asserts the trial court failed to impose a mandatory license suspension pursuant to R.C. 2925.03(D)(2) and R.C. 2935.03(G).

{¶18}  The statute reads, in pertinent part:

{¶19}  "(D) In addition to any prison term authorized or required by division (C) of this section and sections 2929.13 and 2929.14 of the Revised Code, and in addition to any other sanction imposed for the offense under this section or sections 2929.11 to 2929.18 of the Revised Code, the court that sentences an offender who is convicted of

---

[1] In the prior appeal, this Court held the issues involving Appellant's motion to withdraw her guilty pleas were "premature".

or pleads guilty to a violation of division (A) of this section shall do all of the following that are applicable regarding the offender:

{¶20} "***

{¶21} (2) The court shall suspend the driver's or commercial driver's license or permit of the offender in accordance with division (G) of this section.

{¶22} "***

{¶23} (G) When required under division (D)(2) of this section or any other provision of this chapter, the court shall suspend for not less than six months or more than five years the driver's or commercial driver's license or permit of any person who is convicted of or pleads guilty to any violation of this section or any other specified provision of this chapter. If an offender's driver's or commercial driver's license or permit is suspended pursuant to this division, the offender, at any time after the expiration of two years from the day on which the offender's sentence was imposed or from the day on which the offender finally was released from a prison term under the sentence, whichever is later, may file a motion with the sentencing court requesting termination of the suspension; upon the filing of such a motion and the court's finding of good cause for the termination, the court may terminate the suspension."

{¶24} Appellant entered a plea of guilty to, and was convicted of, aggravated trafficking in drugs, methamphetamine, in violation of R.C. 2925.03(A)(1)(C)(1)(b), a third degree felony; aggravated trafficking in drugs, methamphetamine, in violation of R.C. 2925.03(A)(1) and/or (2)(C)(1)(c), a third degree felony. The trial court did not suspend Appellant's license at sentencing. Accordingly, the matter is remanded to the trial court for a limited resentencing hearing limited to the imposition of the mandatory

license suspension. For an analogous situation involving post release control see, *State v. Fischer,* 128 Ohio St.3d 92, 2010-Ohio-6238. We find the entire sentence is not void.

**{¶25}** The second assignment of error is overruled.

III.

**{¶26}** In the third assignment of error, Appellant asserts the trial court erred in ordering Appellant should not be considered or released to transitional control.

**{¶27}** R.C. 2967.26 allows for the creation of a transitional control program for those nearing the end of their prison sentence. The statute reads, in pertinent part,

**{¶28}** "(2) At least three weeks prior to transferring to transitional control under this section a prisoner who is serving a term of imprisonment or prison term for an offense committed on or after July 1, 1996, the adult parole authority shall give notice of the pendency of the transfer to transitional control to the court of common pleas of the county in which the indictment against the prisoner was found and of the fact that the court may disapprove the transfer of the prisoner to transitional control and shall include a report prepared by the head of the state correctional institution in which the prisoner is confined. The head of the state correctional institution in which the prisoner is confined, upon the request of the adult parole authority, shall provide to the authority for inclusion in the notice sent to the court under this division a report on the prisoner's conduct in the institution and in any institution from which the prisoner may have been transferred. The report shall cover the prisoner's participation in school, vocational training, work, treatment, and other rehabilitative activities and any disciplinary action taken against the prisoner. If the court disapproves of the transfer of the prisoner to transitional control,

the court shall notify the authority of the disapproval within thirty days after receipt of the notice. If the court timely disapproves the transfer of the prisoner to transitional control, the authority shall not proceed with the transfer. If the court does not timely disapprove the transfer of the prisoner to transitional control, the authority may transfer the prisoner to transitional control."

{¶29} While the statute does not specifically prohibit the court from denying the transitional control prior to notice, we find to do so clearly thwarts the design and purpose of the statute. The statute is designed to promote prisoner rehabilitation effort and good behavior while incarcerated. To prematurely deny the possibility of transitional control runs contra to those purposes. While the trial court retains discretion to disapprove the transitional control, we find to do so in the sentencing entry prior to notice from the adult parole authority is premature.  See, *State v. Spears*, Licking App. No. 10CA95, 2011-Ohio-1538.

{¶30} Appellant's third assignment of error is sustained.

IV.

{¶31} In the fourth assignment of error, Appellant argues the trial court erred in denying her motion to withdraw pleas.  Specifically, Appellant asserts at the change of plea hearing, after the trial court pronounced the sentence orally but prior to the written judgment entry, during a sidebar conference, Appellant's counsel orally moved the court to withdraw the pleas of guilty.  This sidebar conference was the subject of the disputed Appellate Rule 9(c) statement.  The trial court directed counsel to file a written motion to withdraw the pleas.

{¶32} At 10:24 a.m. on July 23, 2010, the docket indicates Appellant's counsel filed a motion and notice of hearing to withdraw guilty pleas pursuant to Rule 32.1, "following-up defendant's oral motion of July 23, 2010 A.M."

{¶33} The trial court's Judgment Entry accepting Appellant's pleas and entering sentence was docketed at 4:02 p.m. on July 23, 2010.

{¶34} Ohio Criminal Rule 32.1 reads:

{¶35} "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."

{¶36} As a trial court speaks through its docket, Appellant's sentence was not imposed until after Appellant had filed her motion to withdraw the pleas of guilty. Therefore, the motion was a presentence motion to withdraw pleas, and the trial court utilized the incorrect standard in addressing Appellant's motion to withdraw the pleas. Accordingly, the judgment of the trial court is reversed, and the matter remanded to the trial court for reconsideration.

{¶37} The fourth assignment of error is sustained.

{¶38} For the reasons set forth above, Appellant's convictions and sentence in the Licking County Court of Common Pleas are affirmed, in part, reversed, in part, and this matter remanded for further proceedings in accordance with the law and this opinion.

By: Hoffman, J.

Delaney, P.J. and

Edwards, J. concur                                      s/ William B. Hoffman_____
                                                        HON. WILLIAM B. HOFFMAN

                                                        s/ Patricia A. Delaney _____
                                                        HON. PATRICIA A. DELANEY

                                                        s/ Julie A. Edwards_____
                                                        HON. JULIE A. EDWARDS

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO                                    :
                                                 :
    Plaintiff-Appellee                       :
                                                 :
-vs-                                             :            JUDGMENT ENTRY
                                                 :
BRITTANY A. HEMPFIELD                            :
                                                 :
    Defendant-Appellant                      :            Case No. 11-CA-103


For the reasons stated in our accompanying Opinion,  Appellant's convictions

and sentence in the Licking County Court of Common Pleas are affirmed, in part,

reversed, in part, and the matter remanded for further proceedings in accordance with

the law and our Opinion.  Costs to be divided equally.


s/ William B. Hoffman
HON. WILLIAM B. HOFFMAN


s/ Patricia A. Delaney
HON. PATRICIA A. DELANEY


s/ Julie A. Edwards
HON. JULIE A. EDWARDS