[Cite as *State v. Hempfield*, 2013-Ohio-1827.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


STATE OF OHIO

       Plaintiff-Appellee

-vs-

BRITTANY A. HEMPFIELD

       Defendant-Appellant

JUDGES:
Hon. William B. Hoffman, P.J.
Hon. John W. Wise, J.
Hon. Patricia A. Delaney, J.

Case No. 12-CA-77

O P I N I O N


CHARACTER OF PROCEEDING:      Appeal from the Licking County Court of
Common Pleas, Case No. 10-CR-150


JUDGMENT:      Affirmed


DATE OF JUDGMENT ENTRY:      April 30, 2013


APPEARANCES:


For Plaintiff-Appellee      For Defendant-Appellant


KENNETH W. OSWALT      DAVID B. STOKES
Licking County Prosecutor      21 W. Church St., Suite 206
By: JUSTIN T. RADIC      Newark, Ohio 43055
Assistant Prosecutor
20 South Second Street, Fourth Floor
Newark, Ohio 43055

*Hoffman, P.J.*

{¶1} Defendant-appellant Brittany A. Hempfield appeals the October 2, 2012 Judgment Entry entered by the Licking County Court of Common Pleas. Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE CASE[1]

{¶2} On March 26, 2010, the Licking County Grand Jury indicted Appellant, Brittany Hempfield, on two counts of aggravated trafficking in drugs in violation of R.C. 2925.03(A)(1) and/or (2) and (C)(1)(b) and/or (c), one count of aggravated possession of drugs in violation of R.C. 2925.11(A) and/or (C)(1)(a), and one count of possession of drug paraphernalia in violation of R.C. 2925.14.

{¶3} On July 23, 2010, Appellant pled guilty as charged save for the drug paraphernalia count which was dismissed. By judgment entry filed the same date, the trial court sentenced Appellant to an aggregate term of six years in prison.

{¶4} Appellant filed an appeal with this Court in *State v. Hempfield,* Licking App. No. 10CA87, 2010-Ohio-6570. This Court affirmed Appellant's plea and sentence via Judgment Entry and Opinion of December 30, 2010.

{¶5} On August 19, 2011, Appellant filed a petition for post-conviction relief. Via Judgment Entry of September 26, 2011, the trial court denied Appellant's petition. Appellant again filed an appeal with this Court in *State v. Hempfield,* Licking App. No. 11-CA-103, 2012-Ohio-2619. Via Judgment Entry of June 11, 2012, this Court affirmed in part, and reversed in part the trial court decision, remanding the matter to the trial court for further proceedings. Specifically, this Court held the statute relating to

---

[1] A rendition of the underlying facts is unnecessary for our resolution of this appeal.

transitional control vested the trial court with the retention of discretion to disapprove transitional control; however, to do so in the sentencing entry prior to notice from the adult parole authority was premature. Citing, *State v. Spears,* Licking App. No. 10CA95, 2011–Ohio–1538. This Court further held Appellant's motion to withdraw her pleas was filed the same day as the trial court's sentence; therefore, as a trial court speaks through its docket, Appellant's sentence was not imposed until after Appellant had filed her motion to withdraw the pleas of guilty. Therefore, the motion was a presentence motion to withdraw pleas, and the trial court utilized the incorrect standard in addressing Appellant's motion to withdraw the pleas. See, *State v. Hempfield*, Licking App. No. 11 CA 103, 2012-Ohio-2619.

{¶6} On remand, the trial court conducted a status conference on July 20, 2012, and on October 1, 2012 conducted an oral hearing. Via Judgment Entry of October 2, 2012, the trial court again denied Appellant's motion to withdraw her guilty pleas.

{¶7} Appellant now appeals, assigning as error:

{¶8} "I. THE TRIAL COURT ERRED AND/OR ABUSED ITS DISCRETION BY NOT COMPLYING WITH R.C. 2929.14(D)(3).

{¶9} "II. THE TRIAL COURT ERRED IN IMPOSING CONSECUTIVE SENTENCES WITHOUT ENGAGING IN JUDICIAL FACT FINDING, NOW REQUIRED BY H.B. 86.

{¶10} "III. THE TRIAL COURT ERRED AND/OR ABUSED ITS DISCRETION BY DENYING APPELLANT'S MOTION TO WITHDRAW HER PRE-SENTENCE PLEAS.

**{¶11}** "III. THE TRIAL COURT'S JUDGMENT (SENTENCES) IS CONTRARY TO LAW R.C. 2953.08(A)(2) AND/OR (4)."

I, II, and IV.

**{¶12}** Appellant's first, second and fourth assignments of error raise common and interrelated issues; therefore, we will address the arguments together.

**{¶13}** The first, second and fourth assigned errors challenge alleged errors in the sentence imposed by the trial court on July 23, 2010. As set forth in the Statement of the Case, supra, this Court remanded this case to the trial court for further proceedings limited to Appellant's motion to withdraw her pleas of guilty. Accordingly, Appellant's arguments relative to the sentence previously imposed by the trial court are barred by the doctrine of res judicata as these arguments could have been raised or were raised on direct appeal.

**{¶14}** The first, second, and fourth assigned errors are overruled.

III.

**{¶15}** Appellant's third assignment of error asserts the trial court erred in denying her motion to withdraw her guilty pleas.

**{¶16}** As set forth in the Statement of the Case, supra, in *State v. Hempfield,* Licking App. No. 11-CA-103, 2012-Ohio-2619, this Court held Appellant's motion to withdraw her pleas was a presentence motion to withdraw pleas and the trial court utilized the incorrect standard in addressing Appellant's motion.

**{¶17}** Crim.R. 32.1, which governs the withdrawal of a guilty plea, provides:

**{¶18}** "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."

**{¶19}** This rule establishes a fairly strict standard for deciding a post-sentence motion to withdraw a guilty plea, but provides no guidelines for deciding a presentence motion. *State v. Xie,* 62 Ohio St.3d 521, 526, 584 N.E.2d 715 (1992).

**{¶20}** The Ohio Supreme Court has stated pre-sentence motions to withdraw a guilty plea "should be freely and liberally granted." *Id.* at 584. That does not mean, however, a defendant has an absolute right to withdraw a guilty plea prior to sentencing. *Id.* at paragraph one of the syllabus. There must be "a reasonable and legitimate basis for withdrawal of the plea." *Id.* The decision to grant or deny a pre-sentence plea withdrawal motion is within the trial court's sound discretion. *Id.*

**{¶21}** The factors to be considered when making a decision on a motion to withdraw a guilty plea are as follows: (1) prejudice to the state; (2) counsel's representation; (3) adequacy of the Crim .R. 11 plea hearing; (4) extent of the plea withdrawal hearing; (5) whether the trial court gave full and fair consideration to the motion; (6) timing; (7) the reasons for the motion; (8) the defendant's understanding of the nature of the charges and the potential sentences; and (9) whether the defendant was perhaps not guilty or has a complete defense to the charge. *State v. Cuthbertson,* 139 Ohio App.3d 895, 898–899, 746 N.E.2d 197 (7th Dist.2000), citing *State v. Fish,* 104 Ohio App.3d 236, 661 N.E.2d 788 (1st Dist.1995). No one *Fish* factor is absolutely conclusive. *Cuthbertson,* supra.

{¶22} On remand, the trial court conducted an oral hearing on October 1, 2012. A review of the record indicates the trial court listened to arguments as to the factors to be considered. The trial court stated on the record,

{¶23} "The Court: The Court finds that there was no plea agreement. This was simply made because, again, Ms. Hempfield wasn't satisfied with the sentence she got.

{¶24} "On the plea forms indicate no - - there was nothing offered to her or promised to her, there wasn't any indication, and the State dismissed some count, which is commonly what one might expect, but the plea forms themselves say no promise of any sentence. The Court certainly didn't promise any sentence or agree to one. It was simply that there was not enough - - she didn't like the sentence that she got, felt it was too much, and the Court disagreed on the basis of her prior convictions for the same things, as I recall.

{¶25} "I'd find the State would be prejudiced based on the length of time and the lack of evidence remaining presently.

{¶26} "I don't' think it is appropriate to grant motions that are just made after a sentence comes out that you don't like, which would allow everybody to test the sentence they get. And I - - I'm not at the point where I can do immediate written entries right from the Court. So there is always going to be the opportunity for a Defendant to file a written motion or make a motion to withdraw their plea after the Court indicates what it's going to be from the bench.

{¶27} "On that basis, I would deny the Defendant's presentence motion to withdraw her guilty pleas here today. And on that basis, I would impose generally a

four-year driver's license suspension and delete any reference to transitional control or intensive prison program from the sentencing entry."

**{¶28}** Tr. at 10-11.

**{¶29}** The trial court's October 2, 2012 recited the considerations set forth at the hearing.

**{¶30}** Based upon the above, we do not find the trial court abused its discretion in denying Appellant's motion to withdraw her pleas.

**{¶31}** The third assignment of error is overruled.

**{¶32}** Based upon our analysis and disposition set forth above, the October 2, 2012 Judgment Entry entered by the Licking County Court of Common Pleas is affirmed.

By: Hoffman, P.J.

Wise, J. and

Delaney, J. concur

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ John W. Wise_____
HON. JOHN W. WISE


s/ Patricia A. Delaney_____
HON. PATRICIA A. DELANEY

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


STATE OF OHIO                                    :
                                                 :
    Plaintiff-Appellee                      :
                                                 :
-vs-                                             :          JUDGMENT ENTRY
                                                 :
BRITTANY A. HEMPFIELD                            :
                                                 :
    Defendant-Appellant                     :          Case No. 12-CA-77


For the reasons stated in our accompanying Opinion, the October 2, 2012 Judgment Entry entered by the Licking County Court of Common Pleas is affirmed. Costs to Appellant.


s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ John W. Wise_____
HON. JOHN W. WISE


s/ Patricia A. Delaney_____
HON. PATRICIA A. DELANEY