OPINION
{¶ 1} Defendant-appellant, Shawn Atchley, appeals from the Franklin County Court of Common Pleas' decision to accept his guilty plea.
 {¶ 2} Appellant entered a guilty plea pursuant to North Carolina v.Alford (1970), 400 U.S. 25, in which he maintained his innocence, but pled guilty to avoid the consequences of a trial. Appellant pled to aggravated robbery with a firearm specification, a first-degree felony, in violation of R.C. 2911.01 and 2941.145, respectively, and involuntary manslaughter, a first-degree felony, in violation of R.C. 2903.04. Appellant and plaintiff-appellee, the State of Ohio, jointly recommended a prison sentence totaling 15 years.
 {¶ 3} Appellant entered the guilty plea during a July 22, 2004 plea hearing. At the hearing, appellant's defense counsel noted, "I did advise Mr. Atchley with respect to his right to appeal on some grounds. * * * There [are] some grounds that he can still preserve the right to appeal." (Tr. 16.) The trial court responded, "[w]hen I say you're waiving your right to appeal, I'm saying the right of appeal is attached to the trial. * * * You certainly can raise other issues that — whatever issues you might have that you might feel that you want to discuss with [defense counsel] * * * you've also given away not only the trial, but the appeal rights that are attached to the trial. But if there is anything, you can always raise that and see if the court of appeals will consider it." (Tr. 16-17.)
 {¶ 4} Ultimately, the trial court accepted appellant's plea. The trial court then sentenced appellant pursuant to the joint recommendation, imposing consecutive prison terms of three years on the aggravated robbery conviction, three years on the firearm specification, and nine years on the involuntary manslaughter conviction.
 {¶ 5} Appellant appeals, raising one assignment of error:
The defendant's guilty plea was not knowingly and voluntarily entered into when the defendant was misled by his attorney and the trial court regarding his fundamental rights with respect to judicial review of the proceedings and sentencing.
 {¶ 6} Appellant's single assignment of error concerns his guilty plea entered pursuant to Alford. Appellant contends that he did not knowingly, intelligently or voluntarily enter his guilty plea because the trial court and defense counsel gave him misleading information about his appellate rights. Accordingly, appellant argues that the trial court erred by accepting the plea. We disagree.
 {¶ 7} A defendant's guilty plea must be knowing, intelligent, and voluntary. See State v. Engle (1996), 74 Ohio St.3d 525, 527; State v.Griggs, 103 Ohio St.3d 85, 2004-Ohio-4415, at ¶ 11; Crim.R. 11(C)(2)(a). In addition, pursuant to Crim.R. 11, the trial court must inform felony defendants of various constitutional and nonconstitutional rights prior to accepting a guilty plea. This requirement "ensures that defendants enter pleas with knowledge of rights that they would forgo and creates a record by which appellate courts can determine whether pleas are entered" knowingly, intelligently, and voluntarily. Griggs, at ¶ 11.
 {¶ 8} In challenging his plea, appellant contends that the trial court failed to inform him that his sentence is not subject to appeal pursuant to R.C. 2953.08(D), which states:
A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge.
A sentence is "authorized by law" and, therefore, not subject to review, if it falls within the statutory range of available sentences. See State v. Harris (Dec. 31, 2001), Franklin App. No. 01AP-340; Statev. Gray, Belmont App. No. 02 BA 26, 2003-Ohio-805, at ¶ 10.
 {¶ 9} Here, the range for appellant's first-degree aggravated robbery and involuntary manslaughter convictions is three to ten years imprisonment on each conviction. R.C. 2929.14(A). The firearm specification carries a three-year prison term. R.C. 2941.145. Thus, R.C.2953.08(D) applies to appellant's sentence because the trial court imposed a jointly recommended sentence that falls within the statutory range of available prison terms.
 {¶ 10} In claiming that the trial court was required to inform him of the R.C. 2953.08(D) bar to appellate review, appellant relies, in part, on Crim.R. 11(C)(2)(b), which requires a trial court to ensure that a defendant knows the "effect of the plea." However, Crim.R. 11(B) defines "effect of the plea" by describing the terms "guilty" and "no contest" and by specifying that the trial court shall proceed with sentencing after accepting the plea. Crim.R. 11(B) does not reference R.C. 2953.08(D). Similarly, no divisions in Crim.R. 11(C) require a trial court to inform a defendant of R.C. 2953.08(D). Indeed, the Second District Court of Appeals recognized that, guilty plea notwithstanding, a trial court is not required to advise a defendant of the R.C. 2953.08(D) bar to appellate review before it imposes a jointly recommended sentence that falls within the statutory range of available sentences. State v. Lentz, Miami App. No. 01CA31, 2003-Ohio-911, at ¶ 16. Likewise, we do not interject such a requirement in Crim.R. 11(C), and we conclude that the trial court did not err by accepting appellant's plea without first informing him that he may not appeal his sentence.
 {¶ 11} Appellant further contends that the trial court and defense counsel incorrectly advised him of appellate rights available after his guilty plea. A defendant does not enter a knowing, intelligent or voluntary guilty plea if the plea is premised on incorrect legal advice.Engle, at 528; State v. Mikulic (1996), 116 Ohio App.3d 787, 790;State v. Persons, Meigs App. No. 02CA6, 2003-Ohio-4213, at ¶ 12.
 {¶ 12} In support, appellant reiterates that defense counsel and the trial court misled him into believing that he could appeal the jointly recommended sentence. In addition, appellant asserts that defense counsel and the trial court overstated his appellate rights because a guilty plea waives most errors that culminated before the plea. See State v.Fitzpatrick, 102 Ohio St.3d 321, 2004-Ohio-3167, at ¶ 78, quoting Mennav. New York (1975), 423 U.S. 61, 62, fn. 2 (recognizing that a "guilty plea * * * renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt and which do not stand in the way of conviction if factual guilt is validly established").
 {¶ 13} However, appellant did not premise his plea on the discussions about his appellate rights. When the trial court asked appellant if he had any questions, appellant did not raise any concerns about his appellate rights, but, instead, asked "[a]m I going to get sentenced today, right here, right now? * * * Because, I mean, I want that." (Tr. 17-18.) Similarly, appellant did not indicate that he wanted to appeal any particular issue.
 {¶ 14} Moreover, neither defense counsel nor the trial court guaranteed appellant that he could appeal specific issues, such as his sentence. Defense counsel indicated that appellant had a "right to appeal on some grounds." (Tr. 16.) Similarly, the trial court noted, "if there is anything, you can always raise that and see if the court of appeals will consider it." (Tr. 17.) These statements alerted appellant that, while the guilty plea limits issues available for appellate review, the plea does not bar all appellate issues.
 {¶ 15} As an example, a defendant may appeal from a guilty plea if the state did not follow through on the plea bargain. See Santobello v. NewYork (1971), 404 U.S. 257, 262-263. In addition, a guilty plea does not waive subject-matter jurisdiction. State v. Shaw (Feb. 13, 1990), Franklin App. No. 89AP-759, citing Tollett v. Henderson (1973),411 U.S. 258. Likewise, a guilty plea does not preclude an attack on the constitutionality of a statute under which the defendant was convicted.Fitzpatrick, at ¶ 79. Furthermore, a defendant may appeal if the trial court erroneously accepted a plea made pursuant to Alford. See Alford, at 38, fn. 10. Such pleas "should not be accepted unless there is a factual basis for the plea, and until the judge taking the plea has inquired into and sought to resolve the conflict between the waiver of trial and the claim of innocence." Id. (Citations omitted.) Accordingly, contrary to appellant's assertions, defense counsel and the trial court's statements were accurate explanations about his appellate rights.
 {¶ 16} Therefore, defense counsel and the trial court's advice about appellant's appellate rights did not render his guilty plea involuntary, unintelligent or unknowing. Thus, we conclude that the trial court did not err by accepting the guilty plea. Consequently, we overrule appellant's single assignment of error and affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
Petree and McGrath, JJ., concur.