[Cite as *State v. Schultz*, 2013-Ohio-2218.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P. J. |
| Plaintiff-Appellee | Hon. Sheila G. Farmer, J.<br>Hon. John W. Wise, J. |
| -vs- | Case No. 12 CA 24 |
| ANGELA K. SCHULTZ | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:      Criminal Appeal from the Court of Common
                             Pleas, Case No.  12 CR 44


JUDGMENT:                    Affirmed


DATE OF JUDGMENT ENTRY:      May 28, 2013


APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

GREGG MARX                            THOMAS R. ELWING
PROSECUTING ATTORNEY                  60 West Columbus Street
JOCELYN S. KELLY                      Pickerington, Ohio  43147
ASSISTANT PROSECUTOR
239 West Main Street, Suite 101
Lancaster, Ohio  43130

*Wise, J.*

{¶1}   Appellant Angela K. Schultz appeals her conviction, in the Fairfield County Court of Common Pleas, following her plea of guilty to one count of aggravated vehicular homicide. Appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.

{¶2}   On October 4, 2011, appellant drove from a bar with a blood alcohol level that was almost triple the per se legal limit. At the time, appellant had three prior OVI convictions, one conviction of physical control under the influence, and a suspended driver's license. Her vehicle ultimately collided with a car driven by Sara Renko, a twenty-two year-old mother. Sara was killed in the crash.  Sentencing Tr. at 6-10.

{¶3}   On January 31, 2012, appellant was charged with one count of aggravated vehicular homicide, in violation of R.C. 2903.06(A)(1), a felony of the second degree.   The bill of information also charged a specification under R.C. 2941.1415, alleging appellant had been convicted or had pleaded guilty to three or more violations of division (A) or (B) of R.C. 4511.19, or an equivalent offense.

{¶4}   On March 28, 2012, appellant entered a plea of guilty to both the offense of aggravated vehicular homicide and the accompanying specification.

{¶5}   On April 4, 2012, appellant appeared before the trial court for a contested sentencing hearing.  At the hearing, the State argued the trial court should impose the maximum term of eleven years for the offense plus the specification.  Counsel for appellant argued for the minimum sentence of five years.  The trial court imposed the maximum penalty of three years for the R.C. 2941.1415 specification, consecutive to eight years in prison for the offense of aggravated vehicular homicide, for a total of

eleven years in prison. The court also imposed a lifetime suspension of appellant's driver's license under R.C. 2903.06(B)(2)(d).

**{¶6}** Appellant filed a notice of appeal on April 25, 2012. She herein raises the following sole Assignment of Error:

**{¶7}** "I. THE TRIAL COURT ERRED IN ACCEPTING MS. SHULTZ'S [SIC] GUILTY PLEAS WHICH WERE NOT MADE KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY IN VIOLATION OF THE RIGHT TO DUE PROCESS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION."

I.

**{¶8}** In her sole assignment of error, appellant challenges the trial court's acceptance of her plea of guilty to the charge of aggravated vehicular homicide and the accompanying specification.

**{¶9}** Ohio Criminal Rule 11(C) addresses pleas of guilty and no contest in felony cases. It reads, in pertinent part:

**{¶10}** "* * *

**{¶11}** "(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:

**{¶12}** "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

{¶13} "(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

{¶14} "(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶15} "* * *"

{¶16} In regard to the specific constitutional rights referenced in Crim.R. 11(C)(2)(c), supra, the Ohio Supreme Court has set forth the following rule of law: "A trial court must strictly comply with Crim.R. 11(C)(2)(c) and orally advise a defendant before accepting a felony plea that the plea waives (1) the right to a jury trial, (2) the right to confront one's accusers, (3) the right to compulsory process to obtain witnesses, (4) the right to require the state to prove guilt beyond a reasonable doubt, and (5) the privilege against compulsory self-incrimination. When a trial court fails to strictly comply with this duty, the defendant's plea is invalid." *State v. Veney,* 120 Ohio St.3d 176, 897 N.E.2d 621, 2008–Ohio–5200, syllabus.

{¶17} However, generally, in accepting a guilty plea, a trial court must "substantially comply" with Crim.R. 11(C), which we review based on the totality of the circumstances. *See State v. Nero* (1990), 56 Ohio St.3d 106, 108, 564 N.E.2d 474; *State v. Carter* (1979), 60 Ohio St.2d 34, 38, 396 N.E.2d 757. In other words, "[f]or

nonconstitutional rights, scrupulous adherence to Crim.R. 11(C) is not required; the trial court must substantially comply, provided no prejudicial effect occurs before a guilty plea is accepted." *State v. Osley*, Lucas App.No. L–11–1236, 2013-Ohio-1267, ¶ 17, citing *State v. Stewart,* (1977), 51 Ohio St.2d 86, 364 N.E.2d 1163.

{¶18} In the case sub judice, appellant asserts the trial court misinformed her concerning the mandatory nature of her sentence, the availability and aspects of community control, the possibility of judicial release, the nature of post-release control, and the possibility of jail time credit. Appellant further asserts the trial court erred in failing to inform appellant of the lifetime suspension of her driver's license before the acceptance of her plea.

{¶19} We note the following colloquy occurred on the record during the March 28, 2012 plea hearing:

{¶20} "THE COURT: All right. Do you understand that in the event that the Court orders a prison term to be served here, that even after completing that prison term, you may be subject to a period of post-release control for a period of three years after completion of that prison term?

{¶21} "If, during that period of supervision, you violate any one or more of the terms and conditions of post-release control, the Court has the authority to send you to prison to serve out the balance of your sentence. Also, if you would commit any new offense, felony offense, and be convicted of that offense during the period of post-release control, you could be ordered to serve that sentence consecutively to any other term of imprisonment which results from violating post-release control.

{¶22} "Do you understand that?

**{¶23}** "THE DEFENDANT: Yes, Your Honor.

**{¶24}** "The Court: Unless the Court is not permitted by law to do so, you could be placed on community control, at least with regard to the underlying offense. And the Court could suspend the further execution of that sentence and place you under the supervision of the Court for up to a five-year period of time under certain terms and conditions. But if you violate any one or more of the terms and conditions of community control, the Court has the authority to send you to prison to serve out the balance of that sentence. This provision with regard to community control would only apply to the extent that you would be eligible for release on judicial release.

**{¶25}** "Do you understand that?

**{¶26}** "THE DEFENDANT: Yes, Your Honor.

**{¶27}** "The Court: In the event that the Court orders you to go to prison and serve out a prison term, you may be eligible to earn days of credit toward that prison term through participation in an education program, vocational training, employment in prison industries, treatment for substance abuse, or any other constructive program developed by the Department of Rehabilitation and Corrections. These days of credit may not exceed eight percent of any prison term. And these credits are not automatically earned, but are subject to administrative review by the Department of Rehabilitations and Corrections, and can be taken away for certain rule violations."

**{¶28}** Plea Tr. at 8-10.

**{¶29}** Following the trial court's acceptance of appellant's plea, the following exchange also occurred on the record:

{¶30} "[ASSISTANT PROSECUTOR] MR. MEADE: Yes, Your Honor, three matters. This may be overkill, but three matters I'd ask the Court to place on record as having notified Ms. Schultz, so as to protect the record.

{¶31} "First off, the Court, of course, did advise Ms. Schultz of the mandatory nature and the maximum of both the specification and whatever sentence is imposed on the underlying aggravated vehicular homicide charge, and did advise the maximum possible penalty that the court may impose for the underlying vehicular homicide charge.

{¶32} "However, I'd ask the court to also advise Ms. Schultz of the minimum mandatory. Of course, since this is a mandatory period of incarceration for a second-degree felony on the charge, as opposed to the specification, the charge alone, of course, the minimum sentence would be two years for a - - plus, of course, whatever the specification.

{¶33} "Secondly, Your Honor, I'd ask the Court advise Mr. [sic.] Schultz that it appears that a PRC, post-release control, for a conviction on a second-degree felony in this matter would actually be mandatory, I believe, for a period of three years, as opposed to optional.

{¶34} "And finally, from my review of the statute, it would appear that, at least at this point in time - - the law may be changed in the interim, but at this point, a felony violation of Section 2903.06, if the section requires an imposition of a prison term, as it does in this case, would not qualify Ms. Renko [sic] for potential days of credit.

{¶35} "* * *

{¶36} "THE COURT: All right. Ms. Schultz, the Court would advise you that the minimal penalty that applies to the offense of aggravated vehicular homicide is a period of two years of *actual mandatory incarceration.* The maximum period of mandatory incarceration is eight years.

{¶37} "The Court will also advise you that as far as the matter of earned credit, that this is a matter that is, at this point, under some study by the Department of Rehabilitations and Corrections, and *you will be granted such earned prison credit as is authorized by law.*

{¶38} "And with regard to the second point, Mr. Meade, what was that?

{¶39} "MR. MEADE: That PRC, I believe, would be mandatory.

{¶40} "THE COURT: The Court would also advise you the *post-release control is for a mandatory three-year period of time* after completion of the prison term.

{¶41} "Do you understand all those matters?

{¶42} "THE DEFENDANT: Yes, Your Honor.

{¶43} "THE COURT: All right. With understanding that, do you still wish to enter your plea of guilty?

{¶44} "THE DEFENDANT: Yes.

{¶45} "THE COURT: All right. For the reasons already stated, the Court accepts your plea of guilty and finds that it was knowingly, voluntarily and intelligently made in this matter."

{¶46} Plea Tr. at 14-15; 16-17 (emphases added).

{¶47} We also note the trial court explained that a period of "actual mandatory incarceration" meant appellant would not be eligible, during such period of incarceration,

to be placed on community control, to be granted release pursuant to an order of judicial release, or otherwise be released from incarceration. See Plea Tr. 7-8, 16.

**{¶48}** Upon review, although some of the court's initial recitations may have caused some confusion via its references to, inter alia, the possibility of community control sanctions and judicial release, we find the trial court sufficiently corrected these concerns and substantially complied with the pertinent aspects of Crim.R. 11(C), particularly by advising appellant of the mandatory terms and conditions pertaining to her guilty plea.

**{¶49}** Finally, although the trial court failed to inform appellant of the lifetime suspension of her driver's license until after the acceptance of her plea, we do not find vacation of appellant's plea is warranted on that basis. In *State v. Harris*, 132 Ohio St.3d 318, 2012-Ohio-1908, the Ohio Supreme Court held that "[w]hen a trial court fails to include a mandatory driver's license suspension as part of an offender's sentence, that part of the sentence void, [and] [r]esentencing of the offender is limited to the imposition of the mandatory driver's license suspension." *Id.*, at paragraph one of the syllabus. Thus, had the trial court in the case sub judice failed to include appellant's mandatory lifetime license suspension in her sentence, reversal would be warranted for resentencing. However, in regard to the propriety of appellant's plea itself, we note in *State v. Green*, Franklin App.No. 10AP-934, 2011-Ohio-6451, the Tenth District Court of Appeals determined that even where a trial court did not personally inform a defendant that his convictions for two counts of aggravated vehicular homicide (felonies of the third degree) subjected him to a possible lifetime driver's license suspension, the trial court nonetheless substantially complied with Crim.R. 11 where the defendant had signed a

plea agreement before entering his guilty plea informing him of such a possibility. *Id.* at ¶11.

**{¶50}** In the case sub judice, appellant signed a document titled "Waiver upon Plea of Guilty or No Contest." *See* Plea Tr. at 13. This document stated, inter alia, that appellant understood the maximum penalties for aggravated vehicular homicide, and the document informed appellant that the penalties included "a mandatory lifetime suspension of my Ohio Driver's License or ability to obtain one." It was signed by appellant and witnessed by her counsel and counsel for the State. Appellant also told the trial court that she had no questions about the document. *See id.*

**{¶51}** We therefore extend the rationale of *Green* in this matter and hold that appellant's plea was valid even though the court did not inform her, during the plea hearing, regarding the lifetime license suspension penalty.

**{¶52}** Accordingly, appellant's sole Assignment of Error is overruled.

**{¶53}** For the foregoing reasons, the judgment of the Court of Common Pleas of Fairfield County, Ohio, is affirmed.

By: Wise, J.

Farmer, J., concurs.

Hoffman, P. J., concurs in part and dissents in part.

_____

_____

_____

JUDGES

JWW/d 0429

*Hoffman, J., concurring in part and dissenting in part*

{¶54} I concur in the majority's analysis of Appellant's assigned error as it pertains to the sufficiency of the trial court's colloquy concerning community control, post release control and judicial release. However, I respectfully dissent from the majority's conclusion regarding the sufficiency of the trial court's colloquy concerning the mandatory lifetime driver's license suspension.

{¶55} I find the majority's reliance on *State v. Harris* 132 Ohio St.3d 318, 2012-Ohio-1908, misplaced. The issue in *Harris* concerned the illegality of the sentence imposed; not the sufficiency of the Crim.R. 11 plea colloquy.

{¶56} The record herein does not reflect Appellant was orally advised by the trial court prior to the plea about the possibility of any license suspension, let alone a mandatory lifetime license suspension. I find such failure does not constitute substantial compliance with the rule. I disagree with the result reached by the Tenth District in *State v. Green*, Franklin App. No. 10AP-934, 2011-Ohio-6451.

_____
HON. WILLIAM B. HOFFMAN

IN THE COURT OF APPEALS FOR FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT


STATE OF OHIO                                    :
                                                 :
    Plaintiff-Appellee                        :
                                                 :
-vs-                                             :                    JUDGMENT ENTRY
                                                 :
ANGELA K. SCHULTZ                                :
                                                 :
    Defendant-Appellant                       :                    Case No. 12 CA 24


      For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Fairfield County, Ohio, is affirmed.

      Costs assessed to appellant.


                                           _____


                                           _____


                                           _____

                                                         JUDGES