[Cite as *State v. Hendershot*, 2017-Ohio-8112.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. William B. Hoffman, J. |
| Plaintiff-Appellee | : | John W. Wise, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. CT2016-0061 |
| HEATH HENDERSHOT | : |  |
|  | : |  |
| Defendant-Appellant | : | <u>OPINION</u> |

CHARACTER OF PROCEEDING: Criminal appeal from the Muskingum
County Court of Common Pleas, Case No.
CR2016-0117

JUDGMENT: Affirmed in part; Reversed and Remanded
in part

DATE OF JUDGMENT ENTRY: October 5, 2017

APPEARANCES:

For Plaintiff-Appellee

D. MICHAEL HADDOX
Prosecuting Attorney
By: Gerald V. Anderson II
27 North Fifth St., Box 189
Zanesville, OH 43702-0189

For Defendant-Appellant

Heath A. Hendershot
#A727-644
Noble Correctional Institution
15708 McConnelsville Road
Caldwell, OH 43724

*Gwin, P.J.*

{¶1} Appellant Heath Hendershot appeals the judgment entries of the Muskingum County Court of Common Pleas. Appellee is the State of Ohio.

*Facts & Procedural History*

{¶2} This case deals with controlled buys involving a confidential informant working with the Central Ohio Drug Enforcement Task Force. The confidential informant made several controlled buys from appellant. During the last controlled buy, appellant spotted the police cruisers there to arrest him, began driving erratically at a high rate of speed, and rolled his vehicle. However, he was still able to drive the vehicle and then fled the scene, lost control of his vehicle again, and sideswiped a tree on the side of the road. Appellant exited the vehicle, left the vehicle in gear, and the vehicle stopped in the yard of a residence. Appellant ran on foot through the woods, removed money and narcotics from his pocket and threw them into a creek, and ran a short distance until he was apprehended.

{¶3} Appellant was indicted in January of 2016 with one count of trafficking drugs (heroin), in violation of R.C. 2925.03(A)(1), a felony of the fifth degree; one count of trafficking in drugs (methamphetamine), in violation of R.C. 2925.03(A)(1), a felony of the fourth degree; two counts of trafficking in drugs (methamphetamine) in violation of R.C. 2925.03(A)(1), each a felony of the third degree, one with a forfeiture specification and one with a school specification; one count of trafficking in drugs (methamphetamine), in violation of R.C. 2925.03(A)(2), a felony of the third degree; one count of possession of drugs (heroin), in violation of R.C. 2925.11(A), a felony of the third degree; one count of tampering with evidence, in violation of R.C. 2921.12(A)(1), a felony of the third degree;

and one count of failure to comply (risk of harm) in violation of R.C. 2921.331(B), a felony of the third degree.

{¶4} On June 1, 2016, appellant and his counsel signed a "plea of guilty" form, withdrawing his former not guilty pleas and entering pleas of guilty to the eight offenses listed in the indictment. Under "post release control," the box was checked that provided post-release control was optional for up to three years. On the plea form, there is a chart entitled "maximum penalty," above which it states, "I understand that the maximum penalty for each offense is as follows." The chart separately lists each offense or specification, maximum stated prison term, maximum fine, mandatory fine, license suspension, if the prison term is mandatory consecutive, and if the prison term is mandatory. Each of the eight counts appellant pled guilty to is listed separately on the chart and, for each count, the license suspension is listed as, "6 mos. up to 5 years."

{¶5} The plea of guilty form also provided the parties agreed to a joint recommendation that appellant be sentenced to an aggregate prison term of nine years, and that the parties stipulated to the judicial findings necessary for the imposition of consecutive sentences. Also on the form, appellant confirmed he understood by pleading guilty he gives up: his right to a jury trial, where he could confront and have his attorney question witnesses against him and where he could use the power of the court to call witnesses to testify for him; and his right to have the prosecutor prove his guilt beyond a reasonable doubt on every element of each charge.

{¶6} Appellant also appeared at a plea hearing on June 1, 2016. The trial court went through each charge and the possible penalties for each charge, excluding the license suspensions. The trial court informed appellant it is mandatory upon his release

from prison that the Adult Parole Authority place him on three years of post-release control. The trial court specifically told appellant the plea form was inaccurate as it stated post-release control was optional for up to three years; however, it was mandatory due to the F-3 with the risk of harm.

{¶7} The trial court inquired with regard to the plea form, "You understand what I told you is what's accurate?  The plea form with – only in that regard, that small circumstances of optional versus mandatory, the plea form is inaccurate with regard to that.  Do you understand that?"  Appellant responded, "yes" and confirmed he wanted to go forward with his pleas of guilty knowing post-release control was mandatory for three years.

{¶8} Appellant stated he:  understood the nature of charges against him, the possible defenses he has to the charges, was satisfied with the assistance of his attorney, was not under the influence of alcohol or drugs, understood the joint recommendation of sentence, stipulated to the judicial findings necessary for consecutive sentences, was not promised anything else and was not threatened to plead guilty, understood he was giving up constitutional rights, understood he was giving up his right to have a jury or bench trial, understood he was giving up his right to confront and have his attorney cross-examine witnesses, understood he was giving up the right to use the power of the court to subpoena or compel witnesses to come in to court and testify on his behalf, understood he was giving up his right not to take the witness stand, understood he was giving up his right to require the State of Ohio to prove each and every element of each offense beyond a reasonable doubt, and understood he limited his right to appeal by pleading guilty.

{¶9} Appellant pled guilty to each of the eight charges, as well as the specifications. The trial court accepted his pleas of guilty on each count and each specification. The trial court ordered a pre-sentence investigation.

{¶10} The trial court issued a judgment entry on June 1, 2016. In the entry, the court found appellant had his constitutional rights fully explained to him pursuant to Criminal Rule 11. The trial court found appellant, in open court and having been advised of all constitutional rights, made a knowing, intelligent, and voluntary waiver of those rights; and that appellant understands the nature of the charges, the effect of a guilty plea, as well as the maximum penalty which can be imposed for each offense to which he has entered a plea of guilty. The court found appellant's plea to be voluntary, accepted his plea of guilty, and found appellant guilty of the eight counts listed. The court deferred sentence and ordered a pre-sentence investigation.

{¶11} The trial court held a sentencing hearing on August 1, 2016. Counsel for appellant requested the trial court impose the joint sentencing recommendation of nine years in prison. When the trial court asked appellant, "do you know of any reason why the Court should not proceed to sentencing at this time," appellant responded, "no, your honor." When asked if he had anything to say, appellant apologized for the acts he committed, stated his drug use did not justify his unlawfulness, and detailed the programs he sought to complete while in prison. Appellant stated he knows he is "part of the problem putting drugs in this community and people," but wants to be part of the solution taking drugs out of the community.

{¶12} The trial court stated it thoroughly reviewed the presentence investigation. The trial court followed the jointly recommended sentence of an aggregate prison term of

nine years.  The trial court ordered appellant to pay court costs and ordered appellant to forfeit $780 in currency.  The trial court waived the mandatory fines due to appellant's indigent status.

{¶13} The trial court informed appellant that, upon his release from prison, the Adult Parole Authority had the option of placing him on post-release control for up to three years.  The trial court also reviewed the consequences for violating post-release control.

{¶14} At the conclusion of the sentencing hearing, the trial court asked appellant if he understood when he went over.  Appellant responded, "Yes, your Honor."  When asked if he had any questions about his sentence, appellant said, "No, your honor."

{¶15} The trial court issued a sentencing entry on August 3, 3016, finding appellant had been afforded all of his rights pursuant to Criminal Rule 32.  The trial court listed the offenses appellant was convicted of and stated the parties stipulated to the judicial findings necessary for the imposition of consecutive sentences.  The trial court sentenced appellant to:  twelve months on Count 1; twelve months on Count 2; thirty-six months on Count 3; thirty-six months on Count 4; thirty months on Count 5; twelve months on Count 6; thirty months on Count 7, and thirty-six months on Count 8.  The trial court ordered Counts 1, 2, 5, 6, and 7 be served concurrently with each other; and Counts 3, 4, and 8 be served consecutively with each other, but concurrently with the sentence imposed for Counts 1, 2, 5, 6, and 7, for an aggregate prison sentence of nine years.

{¶16} The trial court stated it notified appellant that post-release control is optional for up to three years, as well as notifying appellant the consequences for violating post-release control.

{¶17} On December 29, 2016, this Court granted appellant's motion for delayed appeal and ordered the instant appeal shall proceed as if it were filed as a timely appeal of right.

{¶18} Appellant assigns the following as error:

{¶19} "I. APPELLANT WAS DENIED DUE PROCESS OF LAW, AS GUARANTEED BY BOTH THE UNITED STATES AND OHIO CONSTITUTIONS, BECAUSE HIS GUILTY PLEA WAS NOT ENTERED KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY DUE TO THE TRIAL COURT'S ERROR IN FAILING TO ADVISE AS TO A DRIVER'S LICENSE SUSPENSION.

{¶20} "II. APPELLANT WAS DENIED DUE PROCESS OF LAW, AS GUARANTEED BY BOTH THE UNITED STATES CONSTITUTION AND OHIO CONSTITUTIONS BECAUSE HIS GUILTY PLEA WAS NOT ENTERED KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY DUE TO THE TRIAL COURT'S ERROR IN FAILING TO ADVISE AS TO THE APPLICABLE PERIOD OF POST-RELEASE CONTROL.

{¶21} "III. THE TRIAL COURT ERRED WHEN IT FAILED TO IMPOSE THE STATUTORY MANDATED SENTENCE."

## I. & III.

{¶22} Appellant's first and third assignments of error are related; thus, we will address them together.

{¶23} In his first assignment of error, appellant argues his plea was not knowing, intelligent, or voluntary pursuant to Criminal Rule 11(C), because the trial court failed to advise him of the maximum penalty, that his driver's license would be suspended for not

less than six months, nor more than five years.  Appellant thus contends his guilty pleas should be vacated.

{¶24} Despite appellant's assertion in his brief in his first assignment of error that he would not have pled guilty to the charges had he known about the mandatory license suspensions associated with them, he argues in his third assignment of error that when the trial court did not actually impose the mandatory license suspension, the trial court erred.  Appellant requests this Court vacate his sentence and remand this case to the trial court for a new sentencing hearing that complies with the statutorily mandated sentence with the correct license suspension imposed.

{¶25} Criminal Rule 11(C)(2) details the trial court's duty in a felony plea hearing to address the defendant personally and to convey certain information to the defendant and makes clear the trial court shall not accept a guilty plea without performing these duties.  *State v. Holmes*, 5th Dist. Licking No. 09 CA 70, 2010-Ohio-428.  Crim.R.11(C)(2)(a) states the trial court must determine, "* * * that the defendant is making the plea voluntarily, with the understanding of the nature of the charges and of the maximum penalty involved, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing."

{¶26} In regard to the specific constitutional rights referenced in Crim.R.11(C)(2), the Ohio Supreme Court has set forth the following rule of law, "a trial court must strictly comply with Crim.R. 11(C)(2)(c) and orally advise a defendant before accepting a felony plea that the plea waives: (1) the right to a jury trial; (2) the right to confront one's accusers; (3) the right to compulsory process to obtain witnesses; (4) the right to require the state to prove guilt beyond a reasonable doubt, and (5) the privilege against

compulsory self-incrimination." *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621. When a trial court fails to strictly comply with this duty, a defendant's plea is invalid. *Id.*

**{¶27}** For non-constitutional rights, "scrupulous adherence to Crim.R. 11(C) is not required; the trial court must substantially comply, provided no prejudicial effect occurs before a guilty plea is accepted." *State v. Stewart*, 51 Ohio St.2d 86, 364 N.E.2d 1163 (1977); *State v. Schultz*, 5th Dist. Fairfield No. 12 CA 24, 2013-Ohio-2218. We review whether a trial court substantially complied with Crim.R. 11(C) based on the totality of the circumstances. *State v. Nero*, 56 Ohio St.3d 108, 564 N.E.2d 474 (1990). Substantial compliance means that, under the totality of the circumstances, a defendant subjectively understand the implications of his plea and the rights he is waving. *Id.*

**{¶28}** In this case, appellant challenges a non-constitutional right, the alleged failure to orally notify him of the license suspension, a component of the maximum penalty for the charges. *State v. Schultz*, 5th Dist. Fairfield No. 12 CA 24, 2013-Ohio-2218. Appellant contends the trial court's failure to orally explain to him the mandatory license suspension caused his plea to be not knowingly, intelligently, or voluntarily entered. We disagree.

**{¶29}** In this case, although the trial court did not orally inform appellant that his convictions subjected him to a mandatory license suspension, the trial court substantially complied with Crim.R. 11 where appellant signed a plea agreement before entering his guilty plea that informed him of the license suspension. *State v. Schultz*, 5th Dist. Fairfield No. 12 CA 24, 2013-Ohio-2218; *State v. Green*, 10th Dist. Franklin No. 10AP-934, 2011-Ohio-6451; *State v. Fry-McMurray*, 7th Dist. Mahoning No. 15 MA 0111, 2016-Ohio-6998.

{¶30} On June 1, 2016, appellant and his counsel signed a "plea of guilty" form. This form stated appellant understood the maximum penalties and included a chart that separately listed each offense, the maximum stated prison term, maximum fine, mandatory fine, license suspension, and whether the prison term is mandatory consecutive and/or mandatory. Each of the eight counts appellant pled guilty to is listed separately and, for each count, the plea agreement specifically sets forth the possible range of driver's license suspension, as under the "driver's license suspension" column for each count, it states, "6 mos. up to 5 years." Appellant also confirmed to the trial court he understood what was contained in the plea form.

{¶31} Furthermore, there is no indication from the record that appellant would not have pled as he did if the trial court would have advised him orally of the license suspension and thus appellant has shown no prejudice. *State v. Brown*, 5th Dist. Delaware No. 13 CA 13, 2013-Ohio-5515 (finding no prejudice and no violation of Crim.R. 11(C) when the trial court failed in the plea colloquy and admission of guilt form to include mandatory driver's license suspension, but when the transcript did not indicate appellant changed his mind about entering the plea after he was informed of the suspension); *State v. Johnson*, 10th Dist. Franklin No. 16AP-173; *State v. Fry-McMurray*, 7th Dist. Mahoning No. 15 MA 0111, 2016-Ohio-6998. As this Court has previously stated, "a defendant must show prejudice before a plea will be vacated for a trial court's error involving Crim.R. 11(C) procedure when no constitutional aspects of the plea colloquy are at issue." *State v. Brown*, 5th Dist. Delaware No. 13 CA 13, 2013-Ohio-5515.

{¶32} The test for prejudice is "whether the plea would have otherwise been made." *State v. Nero*, 56 Ohio St.3d 108, 564 N.E.2d 474 (1990). The trial court did not

actually impose any driver's license suspension on appellant when sentencing him. However, in this appeal, in his third assignment of error, appellant affirmatively asks this Court to remand his case to the trial court for a sentencing hearing for the trial court to impose the statutorily mandated license suspension. If appellant is asking for the license suspension to be imposed, he is clearly not prejudiced by the trial court's failure to orally advise him of such suspension. The record reveals appellant indicated during his colloquy with the trial court that he waived certain rights, understood the nature of the charges against him and the range of possible penalties, and acknowledged no one had threatened him or promised him anything to change his plea. Further, during the sentencing hearing, appellant stated he did not know of any reason why the court should not proceed to sentencing, apologized for the acts he committed, stated his drug use did not justify his unlawfulness, and stated he knows he is part of the problem putting drugs in the community. Upon review of the totality of the circumstances, we find the trial court did not err in finding appellant's plea was voluntary, knowing, and intelligent.

{¶33} In his third assignment of error, appellant contends the trial court erred when it failed to impose the mandatory license suspension pursuant to R.C. 2925.03(D)(2) and R.C. 2921.331(E). The license suspension in R.C. 2929.03(D)(2) deals with the suspension of the license of "professionally licensed person." There is no indication that this section is applicable to appellant.

{¶34} Appellant pled guilty to one count of failure to comply with order or signal of police officer in violation of R.C. 2921.331(B), which provides that "no person shall operate a motor vehicle so as willfully to elude or flee a police officer after receiving a visible or audible sign from a police officer to bring the person's motor vehicle to a stop."

His violation was a felony of the third degree because the operation of the motor vehicle by the offender caused a substantial risk of serious physical harm to persons or property. R.C. 2921.331(B)(5)(a)(ii).

{¶35} R.C. 2925.331(E) provides that for a felony violation of division (B) of this section, the court "shall impose a class two suspension from the range specified in division (A)(2) of section 4510.02 of the Revised Code." R.C. 4510.02(A)(2) states a class two suspension is a definite period of three years to life. Thus, at the time of his sentencing, the trial court was required to sentence appellant to a mandatory license suspension, but the trial court did not do so. In this appeal, appellant brings this lack of license suspension to this Court's attention and asks us to remand his case to the trial court to impose the mandatory license suspension.

{¶36} As previously held by the Ohio Supreme Court and this Court, because a mandatory driver's license suspension is a statutorily mandated term, the failure to include this term in a criminal sentence renders it void in part and reversal of a case is warranted for resentencing. *Id.*; *State v. Schultz*, 5th Dist. Fairfield No. 12 CA 24, 2013-Ohio-2218; *State v. Hempfield*, 5th Dist. Licking No. 11-CA-103, 2012-Ohio-2619.

{¶37} However, appellant argues he is entitled to a de novo sentencing hearing upon this remand. We disagree. In *State v. Harris*, 132 Ohio St.3d 218, 2012-Ohio-1908, 927 N.E.2d 509, the Ohio Supreme Court held when a trial court fails to include a mandatory driver's license suspension as part of an offender's sentence, that part of the sentence is void. However, resentencing of the offender is limited to the imposition of the mandatory driver's license suspension. *Id.*

**{¶38}** With regards to appellant's first and third assignments of error, we conclude the trial court substantially complied with the requirements of Rule 11 and his pleas were entered knowingly, intelligently, and voluntarily; further, appellant did not show prejudice from any failure of the trial court. Further, because the mandatory driver's license suspension pursuant to R.C. 2925.331(E) is a statutorily mandated term, the failure of the trial court to include this term in appellant's sentence renders appellant's sentence void in part and the matter is remanded to the trial court to conduct a resentencing hearing limited to the imposition of the mandatory license suspension. Appellant's first assignment of error is overruled and his third assignment of error is sustained.

II.

**{¶39}** In his second assignment of error, appellant argues his plea was not knowing, voluntary, and intelligent because the trial court failed to fully inform appellant of the maximum penalty as the trial court failed to inform him of the length of his post-release control. Specifically, appellant contends the trial court erred in informing him during his plea colloquy that he was subject to three years of mandatory post-release control when post-release control was actually discretionary for three years.

**{¶40}** Appellee contends the trial court substantially complied with Crim.R. 11(C) with regards to post-release control and thus appellant's plea was knowing, intelligent, and voluntarily entered into; however appellee concedes the trial court erred in sentencing appellant to three years of discretionary post-release control at the sentencing hearing and in the sentencing entry.

**{¶41}** This Court has previously found post-release control constitutes a portion of the maximum penalty involved with the charges. *State v. Jones*, 5th Dist. Richland

Nos. 10CA75, 10CA76, 2011-Ohio-1202.  Though appellant contends the trial court did not comply with Crim.R. 11(C) with regards to post-release control, we disagree.

{¶42} During the plea colloquy, the trial court informed appellant it is mandatory upon his release from prison that the Adult Parole Authority place him on three years of post-release control.  The trial court specifically told appellant his plea form was inaccurate as it stated post-release control was optional for up to three years, but post-release control was actually mandatory due to his plea of guilty to a R.C. 2921.331(B)(5)(a)(ii) violation ("substantial risk of serious physical harm to persons or property"), an offense of violence pursuant to R.C. 2901.01(A)(9)(c); see also R.C. 2967.28(B).

{¶43} The trial court inquired of appellant with regard to the plea form, "You understand what I told you is what's accurate?  The plea form – only in that regard, that small circumstance of optional versus mandatory, the plea form is inaccurate with regard to that.  Do you understand that?"  Appellant responded, "yes," and told the trial court he wanted to go forward with his plea of guilty to that charge knowing post-release control was mandatory for three years.  Appellant specifically agreed to go forward with his plea with the knowledge that post-release control was mandatory for three years.  Accordingly, we find his plea was knowing, intelligent, and voluntary.

{¶44} However, as appellee states in its brief, the trial court incorrectly imposed three years of discretionary post-release control at both the sentencing hearing and in the sentencing entry rather than required three years of mandatory post-release control.

{¶45} R.C. 2929.191 sets forth a procedure by which the trial court can correct a judgment of conviction when the trial court failed to properly notify a defendant about the

requisite post-release control both at the sentencing hearing and in the final sentencing entry. R.C. 2929.191 applies to sentenced offenders whose sentence has not been completed. Under these circumstances, the trial court may, after holding a hearing, issue a nunc pro tunc correction to the judgment entry of conviction. *State v. McCrae*, 5th Dist. Muskingum No. CT2016-0047, 2016-Ohio-8182. The court's placement of the nunc pro tunc entry on the journal has the same effect as if the court had included the correct notification in the original sentencing entry and had notified the offender of the applicable term of post-release control at the original sentencing hearing. The offender has the right to be present at the hearing, but the court may permit the offender to appear at the hearing by video conferencing equipment. *State v. Miller*, 5th Dist. Stark No. 2013CA00115, 2014-Ohio-18; *State v. Minor*, 5th Dist. Richland No. 15CA81, 2016-Ohio-914. The new sentencing hearing to which an offender is entitled is limited to proper imposition of post-release control. *Id.*

{¶46} In this case, the trial court determined at the plea hearing that, because of the R.C. 2921.331(B)(5)(a)(ii) violation ("substantial risk of serious physical harm to persons or property"), the three years of post-release control was mandatory, not discretionary. However, in the sentencing entry and at the sentencing hearing, the trial court stated the three year term of post-release control was discretionary. Appellee concedes the trial court erred in failing to sentence appellant to a mandatory three year term of post-release and agrees the post-release control portion of appellant's sentence should be vacated and remanded for a sentencing hearing on post-release control.

{¶47} Accordingly, we vacate the post-release control portion of appellant's sentence and remand the matter for a hearing limited to the proper imposition of post-

release control.  See *State v. Blankenship*, 5th Dist. Delaware No. 16 CAA 0024, 2017-Ohio-7267.

{¶48} Based on the foregoing, appellant's first assignment of error is overruled. Appellant's second assignment of error is overruled in part and sustained in part. Appellant's third assignment of error is sustained.  Accordingly, the trial court's judgment entry is affirmed in part and reversed and remanded in part.  The matter is remanded to the trial court to conduct a resentencing hearing limited to: the imposition of the mandatory license suspension and the proper imposition of post-release control.

By Gwin, P.J., and

Wise, J., concur;

Hoffman, J., concurs in part, dissents in part

*Hoffman, J., concurring in part and dissenting in part*

{¶49} I concur in the majority's analysis and disposition of Appellant's second and third assignments of error. I respectfully dissent from the majority's disposition of Appellant's first assignment of error.

{¶50} While the "plea of guilty" form indicated a license suspension for each of the eight counts as "6 mos. up to 5 years", the trial court's Crim.R. 11 plea colloquy did not include any discussion of a license suspension. As noted in the majority opinion, one of the charges mandates a three year to lifetime license suspension.

{¶51} I have previously stated the failure to advise a defendant of a mandatory lifetime license suspension does not constitute substantial compliance with Crim.R 11. (See my dissenting opinion in *State v. Schultz*, 5th Dist. Fairfield No. 12 CA 24, 2013-Ohio-2218).[1]

{¶52} I would sustain Appellant's first assignment of error, reverse Appellant's convictions and remand the case for further proceedings.[2]

_____
HON. WILLIAM B. HOFFMAN

---

[1] I did not participate in this Court's decision in *State v. Brown*, 5th Dist. Licking No. 13-CA-13, 2013-Ohio-5515. I note, in *Brown*, the trial court did orally advise the defendant there would be a suspension of his driver's license.

[2] Such would render Appellant's assignments of error two and three moot.