Hoffman, J., concurring in part and dissenting in part
{¶ 49} I concur in the majority's analysis and disposition of Appellant's second and third assignments of error. I respectfully dissent from the majority's disposition of Appellant's first assignment of error.
{¶ 50} While the "plea of guilty" form indicated a license suspension for each of the eight counts as "6 mos. up to 5 years", the trial court's Crim.R. 11 plea colloquy did not include any discussion of a license suspension. As noted in the majority opinion, one of the charges mandates a three year to lifetime license suspension.
{¶ 51} I have previously stated the failure to advise a defendant of a mandatory lifetime license suspension does not constitute substantial compliance with Crim.R 11. (See my dissenting opinion in State v. Schultz , 5th Dist. Fairfield No. 12 CA 24, 2013-Ohio-2218, 993 N.E.2d 410 ).[1]
{¶ 52} I would sustain Appellant's first assignment of error, reverse Appellant's convictions and remand the case for further proceedings.[2]

I did not participate in this Court's decision in State v. Brown , 5th Dist. Licking No. 13-CA-13, 2013-Ohio-5515, 2013 WL 6670786. I note, in Brown , the trial court did orally advise the defendant there would be a suspension of his driver's license.

Such would render Appellant's assignments of error two and three moot.