[Cite as *State v. Shaw*, 2019-Ohio-2387.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | Case No. CT2018-0054 |
| | : | |
| JOSHUA B. SHAW | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:          Appeal from the Muskingum County
                                 Court of Common Pleas, case no.
                                 CR2018-0086

JUDGMENT:                        AFFIRMED

DATE OF JUDGMENT ENTRY:          June 13, 2019

APPEARANCES:

For Plaintiff-Appellee:                    For Defendant-Appellant:

D. MICHAEL HADDOX                          JAMES A. ANZELMO
MUSKINGUM CO. PROSECUTOR                    446 Howland Dr.
TAYLOR P. BENNINGTON                        Gahanna, OH 43230
27 North Fifth St., P.O. Box 189
Zanesville, OH 43702-0189

*Delaney, J.*

{¶1} Appellant Joshua B. Shaw appeals from the July 25, 2018 Entry of the Muskingum County Court of Common Pleas. Appellee is the state of Ohio.

**FACTS AND PROCEDURAL HISTORY**

{¶2} The following facts are adduced from appellee's statement at appellant's change-of-plea hearing on June 20, 2018.

{¶3} On September 9, 2017, officers from the Zanesville Police Department were dispatched for a report of a man passed out in a truck in the middle of a roadway. Although the truck was gone upon officers' arrival, witnesses provided a description of the truck and its license plate. Officers found the truck nearby, with a female in the front passenger seat and appellant standing next to the driver's-side door. Upon asking the female to get out of the truck, officers observed a pop can with a piece of cotton containing white residue which also had "a piece of equipment to help ingest a controlled substance." T. 12.

{¶4} Upon searching the vehicle, officers found digital scales, two capped syringes, and a small pill container which contained a plastic baggie of a crystal-like substance. An uncapped syringe including what appeared to be blood was found on the driver's seat. Appellant and the female said the substance was "fake meth." Appellant admitted it was his, and that he intended to purchase genuine meth but received fake meth.

{¶5} When the substance was tested, however, it proved to be 1.04 grams of methamphetamine.

{¶6}   Appellant was charged by indictment with one count of drug possession (methamphetamine) pursuant to R.C. 2925.11(A), a felony of the fifth degree; one count of possession of drug abuse instruments pursuant to R.C. 2925.12(A), a misdemeanor of the second degree; and one count of possession of drug paraphernalia pursuant to R.C. 2925.14(C)(1), a misdemeanor of the fourth degree.

{¶7}   On June 20, 2018, appellant changed his previously-entered pleas of not guilty to ones of guilty.  The matter proceeded to sentencing on July 23, 2018 and the trial court imposed a total aggregate prison term of 11 months.

{¶8}   Appellant now appeals from the judgment entries of conviction and sentence.

{¶9}   Appellant raises two assignments of error:

**ASSIGNMENTS OF ERROR**

{¶10} "I.   JOSHUA SHAW DID NOT KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY PLEAD GUILTY TO DRUG POSSESSION, IN VIOLATION OF HIS DUE PROCESS RIGHTS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTION SIXTEEN, ARTICLE ONE OF THE OHIO CONSTITUTION."

{¶11} "II.   JOSHUA SHAW RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL, IN VIOLATION OF THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION."

**ANALYSIS**

I.

{¶12} In his first assignment of error, appellant contends his guilty pleas were not knowing, intelligent, or voluntary because the trial court purportedly "provided incorrect legal information as to the effect of his guilty plea." We disagree.

{¶13} Crim. R. 11 requires guilty pleas to be made knowingly, intelligently and voluntarily. Crim.R. 11(C)(2) details the trial court's duty in a felony plea hearing to address the defendant personally and to convey certain information to such defendant; the Rule prohibits acceptance of a plea of guilty or no contest without performing these duties. *State v. Holmes,* 5th Dist. Fairfield No. 09 CA 70, 2010–Ohio–428, ¶ 10.

{¶14} In regard to the specific constitutional rights referenced in Crim.R.11(C)(2), "a trial court must strictly comply with Crim.R. 11(C)(2)(c) and orally advise a defendant before accepting a felony plea that the plea waives: (1) the right to a jury trial; (2) the right to confront one's accusers; (3) the right to compulsory process to obtain witnesses; (4) the right to require the state to prove guilt beyond a reasonable doubt, and (5) the privilege against compulsory self-incrimination." *State v. Hendershot*, 5th Dist. No. CT2016-0061, 2017-Ohio-8112, 98 N.E.3d 1139, ¶ 26, citing *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621. When a trial court fails to strictly comply with this duty, a defendant's plea is invalid. *Id.*

{¶15} Generally, a defendant does not enter a knowing, intelligent or voluntary guilty plea if the plea is premised on incorrect legal advice. *State v. Atchley*, 10th Dist. Franklin No. 04AP-841, 2005-Ohio-1124, ¶ 11, citing State v. *Engle,* 74 Ohio St.3d 525, 528, 660 N.E.2d 450; *State v. Mikulic*, 116 Ohio App.3d 787, 790, 689 N.E.2d 116 (8th Dist.1996); *State v. Persons,* 4th Dist. Meigs App. No. 02CA6, 2003–Ohio–4213, ¶ 12.

{¶16} Appellant argues that principle applies in the instant case because the trial court "provided incorrect legal information" at the change-of-plea hearing on June 20, 2018. Our review of the record indicates the trial court explained the rights appellant waived by entering the pleas of guilty, including the rights associated with a trial by jury. The trial court then stated:

> \* \* \* \*.
>
> You're also giving up your right—you understand you have—you have the right to appeal this case within 30 days of sentencing; but by pleading guilty, you severely limit the chance of any appeal being successful?
>
> \* \* \* \*.
>
> T. 10.

{¶17} We find the trial court offered its opinion of appellant's chance of success on appeal; the trial court did not offer erroneous advice, or sit back and accept guilty pleas despite witnessing erroneous advice being given. Based upon this isolated comment regarding an appeal, we do not find appellant failed to enter a knowing, intelligent or voluntary guilty plea premised on incorrect legal advice.

{¶18} Moreover, it is apparent that appellant did not premise his plea on the discussions about his appellate rights. *State v. Atchley*, 10th Dist. Franklin No. 04AP-841, 2005-Ohio-1124, ¶ 11. As appellant concedes, he is in fact appealing his guilty pleas, and there is no evidence in the record that the comment had any effect on his decision to change his pleas to ones of guilty.

{¶19} Therefore, the trial court's statement about appellant's possibility of success on appeal did not render his guilty pleas involuntary, unintelligent or unknowing, and we conclude the trial court did not err by accepting the guilty pleas.

{¶20} Appellant's first assignment of error is overruled.

II.

{¶21} In his second assignment of error, appellant argues he received ineffective assistance of defense trial counsel because counsel failed to move the trial court to waive costs. We disagree.

{¶22} We note the record contains an affidavit of indigence for purposes of employment of counsel. Defense trial counsel was therefore appointed by the trial court.

{¶23} Counsel did not move the trial court to waive costs due to his indigent status, and appellant argues on appeal that this failure constitutes ineffective assistance of counsel. This Court considered rejected appellant's argument in *State v. Davis*, 5th Dist. Licking No. 17-CA-55, 2017-Ohio-9445, and *State v. Harris*, 5th Dist. Muskingum No. CT2018-0005, 2018-Ohio-2257. We note this issue is currently pending before the Ohio Supreme Court on a certified conflict between *Davis*, supra, and *State v. Springer*, 8th Dist. Cuyahoga No. 104649, 2017-Ohio-8861. *State v. Davis*, 152 Ohio St. 3d 1441, 2018-Ohio-1600. See also, *State v. Mathis*, 5th Dist. Muskingum No. CT2018-0011, 2018-Ohio-4090, appeal allowed, 154 Ohio St.3d 1499, 2019-Ohio-345, 116 N.E.3d 154.

{¶24} We find no basis in the instant case to deviate from our prior rulings. Accordingly, we adhere to our prior precedent in Davis and Harris and overrule appellant's second assignment of error.

**CONCLUSION**

{¶25} Appellant's two assignments of error are overruled and the judgment of the Muskingum County Court of Common Pleas is affirmed.

By:  Delaney, J.,

Hoffman, P.J. and

Wise, Earle, J., concur.