[Cite as *State v. Sweeney*, 2021-Ohio-3617.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. Craig R. Baldwin, P.J. |
| Plaintiff - Appellee | : | Hon. W. Scott Gwin, J. |
| | : | Hon. John W. Wise, J. |
| -vs- | : | |
| | : | |
| RICO SWEENEY, | : | Case No. CT2021-0008 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Muskingum County
                             Court of Common Pleas, Case No.
                             CR2020-0151

JUDGMENT:                    Affirmed

DATE OF JUDGMENT:            October 6, 2021

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

RONALD L. WELCH                           JAMES A. ANZELMO
Prosecuting Attorney                      446 Howland Drive
Muskingum County, Ohio                    Gahanna, Ohio 43230

By: TAYLOR P. BENNINGTON
Assistant Prosecuting Attorney
Muskingum County, Ohio
27 North Fifth St., P.O. Box 189
Zanesville, Ohio 43702-0189

*Baldwin, P.J.*

{¶1}   Defendant-appellant Rico Sweeney appeals from the trial court's May 18, 2020 Entry. Plaintiff-appellee is the State of Ohio.

### STATEMENT OF THE FACTS AND CASE

{¶2}   On March 1, 2020, the Muskingum County Grand Jury indicted appellant on one count of escape in violation of R.C. 2921.34(A)(3), a felony of the fifth degree. At his arraignment on March 18, 2020, appellant entered a plea of not guilty to the charge.

{¶3}   On May 14, 2020, appellant withdrew his former not guilty plea and entered a plea of guilty to the indictment. As memorialized in an Entry filed on May 18, 2020, appellant was sentenced to six months in prison.

{¶4}   Appellant's Motion for Leave to File a Delayed Appeal from the trial court's May 18, 2020 Entry was granted.

{¶5}   Appellant now raises the following assignment of error on appeal:

{¶6}   "I. RICO SWEENEY DID NOT KNOWINGLY, INTELLIGENTLY AND VOLUNTARILY PLEAD GUILTY TO DRUG POSSESSION (SIC), IN VIOLATION OF HIS DUE PROCESS RIGHTS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTION SIXTEEN, ARTICLE ONE OF THE OHIO CONSTITUTION."

I

{¶7}   Appellant, in his sole assignment of error, argues that he did not knowingly, intelligently and voluntarily plead guilty to drug possession. We note, however, that appellant plead guilty to escape, not drug possession.

**{¶8}** Crim. R. 11 requires guilty pleas to be made knowingly, intelligently and voluntarily. Crim.R. 11(C)(2) details the trial court's duty in a felony plea hearing to address the defendant personally and to convey certain information to such defendant. The Rule prohibits acceptance of a plea of guilty or no contest without performing these duties. *State v. Holmes,* 5th Dist. Fairfield No. 09 CA 70, 2010–Ohio–428, ¶ 10.

**{¶9}** In regard to the specific constitutional rights referenced in Crim.R.11(C)(2), "a trial court must strictly comply with Crim.R. 11(C)(2)(c) and orally advise a defendant before accepting a felony plea that the plea waives: (1) the right to a jury trial; (2) the right to confront one's accusers; (3) the right to compulsory process to obtain witnesses; (4) the right to require the state to prove guilt beyond a reasonable doubt, and (5) the privilege against compulsory self-incrimination." *State v. Hendershot*, 5th Dist. No. CT2016-0061, 2017-Ohio-8112, 98 N.E.3d 1139, ¶ 26, citing *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621. When a trial court fails to strictly comply with this duty, a defendant's plea is invalid. *Id.*

**{¶10}** Generally, a defendant does not enter a knowing, intelligent or voluntary guilty plea if the plea is premised on incorrect legal advice. *State v. Atchley*, 10th Dist. Franklin No. 04AP-841, 2005-Ohio-1124, ¶ 11, citing State v. *Engle,* 74 Ohio St.3d 525, 528, 1996-Ohio-179, 660 N.E.2d 450; *State v. Mikulic*, 116 Ohio App.3d 787, 790, 689 N.E.2d 116 (8th Dist.1996).

**{¶11}** Appellant specifically contends that his plea was not knowingly, intelligent and voluntary because the trial court, at the sentencing hearing, stated "by pleading guilty you severely limit the chances of any appeal being successful[.]" Transcript at 10.

Appellant argues that principle applies in the instant case because the trial court "provided incorrect legal information" at the change-of-plea hearing on May 14, 2020.

**{¶12}** Our review of the record indicates the trial court explained the rights appellant waived by entering the pleas of guilty, including the rights associated with a trial by jury. The trial court then stated:

\* \* \*.

**{¶13}** You also understand you have a right to appeal your case within 30 days of sentencing, but by pleading guilty, you severely limit the chances of any appeal being successful?

\* \* \*.

**{¶14}** T. 10.

**{¶15}** "We find the trial court offered its opinion of appellant's chance of success on appeal; the trial court did not offer erroneous advice, or sit back and accept guilty pleas despite witnessing erroneous advice being given. Based upon this isolated comment regarding an appeal, we do not find appellant failed to enter a knowing, intelligent or voluntary guilty plea on incorrect legal advice". See *State v. Shaw*, 5th Dist. Muskingum No. CT2018-0054, 2019-Ohio 2387, paragraph 17. and *State v. Hamilton*, 5th Dist. Muskingum No. CT2008-0011, 2008-Ohio-6328.  See also State v. Willet, 5th Dist. No. CT2002-0024, 2003-Ohio-6357.

**{¶16}** Moreover, it is apparent that appellant did not premise his plea on the discussions about his appellate rights. *State v. Atchley*, 10th Dist. Franklin No. 04AP-841, 2005-Ohio-1124, ¶ 11. As appellant concedes, he is in fact appealing his guilty pleas, and

there is no evidence in the record that the comment had any effect on his decision to change his pleas to ones of guilty.

**{¶17}** Therefore, the trial court's statement about appellant's possibility of success on appeal did not render his guilty pleas involuntary, unintelligent or unknowing, and we conclude that the trial court did not err by accepting the guilty plea.

**{¶18}** Appellant's sole assignment of error is, therefore, overruled.

**{¶19}** Accordingly, the judgment of the Muskingum County Court of Common Pleas is affirmed.

By: Baldwin, P.J.

Gwin, J. and

Wise, John, J. concur.