[Cite as *State v. Brown*, 2013-Ohio-5515.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. Sheila G. Farmer, P. J.<br>Plaintiff-Appellee        Hon. John W. Wise, J.<br>Hon. Patricia A. Delaney, J. |

STATE OF OHIO

       Plaintiff-Appellee

-vs-

JOSHUA S. BROWN

       Defendant-Appellant

JUDGES:
Hon. Sheila G. Farmer, P. J.
Hon. John W. Wise, J.
Hon. Patricia A. Delaney, J.

Case No. 13 CA 13

O P I N I O N


CHARACTER OF PROCEEDING:      Criminal Appeal from the Court of Common Pleas, Case Nos. 12 CR 330 & 12 CR 541


JUDGMENT:      Affirmed


DATE OF JUDGMENT ENTRY:      December 16, 2013


APPEARANCES:

For Plaintiff-Appellee

KENNETH W. OSWALT
PROSECUTING ATTORNEY
JUSTIN T. RADIC
ASSISTANT PROSECUTOR
20 South Second Street, Fourth Floor
Newark, Ohio 43055

For Defendant-Appellant

WILLIAM T. CRAMER
470 Olde Worthington Road
Suite 200
Westerville, Ohio 43082

*Wise, J.*

{¶1}    Appellant Joshua S. Brown appeals from his convictions, following his pleas of guilty, in two separate cases in the Licking County Court of Common Pleas, on two counts of failure to comply with an order or signal of a police officer and other charges. Appellee is the State of Ohio. The relevant procedural facts leading to this appeal are as follows.

{¶2}    On June 29, 2012, in case number 12CR330, appellant was indicted on one count of failure to comply with an order or signal of a police officer (R.C. 2921.331(B)(C)(5)(a)(ii)), a felony of the third degree, and one count of driving under suspension (R.C. 4510.11(A)), a first degree misdemeanor.

{¶3}    Also, on October 12, 2012, in case number 12CR541, appellant was indicted on one count of failure to comply with an order or signal of a police officer (R.C. 2921.331(B)(C)(5)(a)(ii)), a felony of the third degree, one count of tampering with evidence (R.C. 2921.12(A)(1)), a felony of the third degree, and one count of trespass in a habitation (R.C. 2911.12(B)), a felony of the fourth degree.

{¶4}    Appellant entered pleas of not guilty to all charges in both cases.

{¶5}    On December 12, 2012, in case number 12CR541, appellant appeared with counsel for a change of plea hearing. However, during the hearing, appellant disputed his culpability, and the matter was reset for a trial at a later date.

{¶6}    On December 13, 2012, the next day, appellant returned to court for a change of plea hearing in case number 12CR330. Appellant proceeded to enter pleas of guilty, which the court accepted. The trial court, having already received a presentence investigation ("PSI") report, thereupon sentenced appellant to a twenty-four month

prison sentence on count one, and a five-month sentence on count two to run concurrently, as well as a twelve-month period for violatiing postrelease control time to run consecutively to counts one and two, for a total aggregate sentence of thirty-six months. The trial court also ordered three years of post release control under the APA. Appellant was granted 138 days of credit towards his sentence.

{¶7} On December 18, 2012, appellant once again appeared for a change of plea hearing in case number 12CR541. Appellant proceeded to enter pleas of guilty, which the court accepted. The trial court, having already received a PSI, thereupon sentenced appellant. Both appellant's trial counsel and the State acknowledged an agreement reached between the parties, to wit: that the State would recommend a total sentence of five and one-half years on both the 12CR330 and 12CR541 cases. Tr. at 16, 19-20. This agreement was also made part of the written admission of guilt form signed by appellant in case number 12CR541.

{¶8} The trial court imposed a twenty-four month prison sentence on count one, a twelve-month prison sentence on count two, a twelve month prison sentence on count three. The three terms were ordered to run consecutively to each other as well as consecutively to the sentence imposed in case number 12CR330 for a combined total of seven years. Tr. III at 20-21. The trial court also ordered three years of post release control under the APA. Appellant was granted six days of jail-time credit towards his sentence.

{¶9} On March 12, 2013, this Court granted appellant leave to file a delayed appeal. Both trial court cases have been placed under the present appellate case number. Appellant herein raises the following two Assignments of Error:

{¶10}    "I.   THE TRIAL COURT VIOLATED APPELLANT'S STATE AND FEDERAL CONSTITUTIONAL RIGHTS, CRIM.R. 11(C)(2)(a), AND R.C. 2943.032  BY FAILING TO PERSONALLY ADDRESS APPELLANT AND ENSURE THAT HE UNDERSTOOD THE MAXIMUM PENALTIES HE FACED UPON ENTERING HIS GUILTY PLEAS.

{¶11}    "II. THE TRIAL COURT RENDERED APPELLANT'S NO CONTEST (SIC) PLEA INVOLUNTARY AND VIOLATED APPELLANT'S STATE AND FEDERAL CONSTITUTIONAL RIGHTS BY IMPOSING A SENTENCE THAT EXCEEDED THE AGREED-UPON SENTENCING RECOMMENDATION."

I.

{¶12}    In his First Assignment of Error, appellant challenges the trial court's acceptance of his guilty pleas in the two trial court cases at issue.

{¶13}    Ohio Criminal Rule 11(C) addresses pleas of guilty and no contest in felony cases. It reads, in pertinent part:

{¶14}    "* * *

{¶15}    "(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:

{¶16}    "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

**{¶17}** "(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

**{¶18}** "(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

**{¶19}** "* * *"

**{¶20}** In regard to the specific constitutional rights referenced in Crim.R. 11(C)(2)(c), *supra*, the Ohio Supreme Court has set forth the following rule of law: "A trial court must strictly comply with Crim.R. 11(C)(2)(c) and orally advise a defendant before accepting a felony plea that the plea waives (1) the right to a jury trial, (2) the right to confront one's accusers, (3) the right to compulsory process to obtain witnesses, (4) the right to require the state to prove guilt beyond a reasonable doubt, and (5) the privilege against compulsory self-incrimination. When a trial court fails to strictly comply with this duty, the defendant's plea is invalid." *State v. Veney,* 120 Ohio St.3d 176, 897 N.E.2d 621, 2008-Ohio-5200, syllabus.

**{¶21}** However, generally, in accepting a guilty plea, a trial court must "substantially comply" with Crim.R. 11(C), which we review based on the totality of the circumstances. *See State v. Nero* (1990), 56 Ohio St.3d 106, 108, 564 N.E.2d 474; *State v. Carter* (1979), 60 Ohio St.2d 34, 38, 396 N.E.2d 757. In other words, "[f]or

nonconstitutional rights, scrupulous adherence to Crim.R. 11(C) is not required; the trial court must substantially comply, provided no prejudicial effect occurs before a guilty plea is accepted." *State v. Osley,* Lucas App.No. L–11–1236, 2013-Ohio-1267, 2013 WL 1289527, ¶ 17, citing *State v. Stewart* (1977), 51 Ohio St.2d 86, 364 N.E.2d 1163.

{¶22}     Furthermore, R.C. 2943.032 states as follows:

{¶23}     "Prior to accepting a guilty plea or a plea of no contest to an indictment, information, or complaint that charges a felony, the court shall inform the defendant personally that, if the defendant pleads guilty or no contest to the felony so charged or any other felony, if the court imposes a prison term upon the defendant for the felony, and if the offender violates the conditions of a post-release control sanction imposed by the parole board upon the completion of the stated prison term, the parole board may impose upon the offender a residential sanction that includes a new prison term of up to nine months."

*Trial Court Case No. 12CR330*

{¶24}     On December 13, 2012, appellant appeared before the trial court for a change of plea hearing in case number 12CR330. Appellant herein specifically asserts the trial court failed at that time to adequately inform him concerning the nature of his post-release control. Appellant further asserts the trial court erred in failing to properly inform him of the mandatory suspension of his driver's license before the acceptance of his plea.

{¶25}     During the plea colloquy, appellant acknowledged that no one had threatened him, or promised him anything in order to make him enter his pleas. Tr. I at

12. The following colloquy also occurred, inter alia, on the record during the December 13, 2012 plea hearing:

{¶26} "Q. And do you understand if you were sent to the penitentiary, served out your sentence and then were released, that you would be placed by the State on post-release control; and if you violated the terms of post-release control, you're subject to being returned to the penitentiary for more incarceration even though you've served out your entire sentence? Do you understand that?

{¶27} "A. Yes, Your Honor."

{¶28} Tr. I at 13-14.

{¶29} The trial court also asked appellant if he had received the admission of guilt form that was before the court, if he had read it, if he had discussed it with his attorney, if he understood it, and if he had signed it. Tr. I at 7. Appellant answered in the affirmative to each of these questions. Tr. I at 7. Additionally, the trial court asked if appellant had any questions regarding the admission of guilt form, to which appellant replied "[n]o, sir." Tr. I at 7. Said form reads, in pertinent part: "After release from prison, I may have 3 years of post-release control. A violation of any post-release control rule or condition can result in a more restrictive sanction while I am under post-release control, and increased duration of supervision or control, up to the maximum term and re-imprisonment even though I have served the entire stated prison term upon me by this court for all offenses. If I violate conditions of supervision while under post-release control, the Parole Board could return me to prison for up to nine months for each violation, for repeated violations up to 1/2 of my originally stated prison term. If the violation is a new felony, I could receive a prison term of the greater of one year or the

time remaining on post-release control, which would be consecutive to any other prison term imposed for the new offense." Trial Court Docket No. 40.

**{¶30}** Appellant concedes in his brief that prior cases from this Court, including *State v. Alexander,* 5th Dist. Stark No. 2012CA00115, 2012-Ohio-4843, and *State v. Munyan,* 5th Dist. Licking No. 08-CA-88, 2009-Ohio-2348, have concluded that where the written plea form fills in information regarding post-release control missing from the plea colloquy, the trial court has substantially complied with Crim.R. 11 for PRC purposes. Appellant nonetheless asks us to reconsider our precedent and instead take the position, indicated in cases from other Ohio appellate courts such as *State v. Gulley*, 1st Dist. Hamilton No. C-040675, 2005-Ohio-4592, that full notification of post-release control requirements must be personally addressed to a defendant during the plea colloquy.

**{¶31}** However, upon review, we find no basis to alter our prior position on the issue of PRC notification during a plea, and we find the trial court substantially complied with the pertinent aspects of Crim.R. 11(C) in case number 12CR330.

**{¶32}** Appellant secondly argues that he was not properly informed regarding the mandatory suspension of his driver's license. At the plea hearing held in case 12CR330, the trial court asked appellant: "Do you understand, Mr. Brown, should the court permit you to change your plea here today, should the court then enter a guilty finding, generally all that's going to remain to be done is to proceed with sentencing; and the maximum sentence for this offense would consist of a term of three years at a state penitentiary, a fine of $11,000, *a suspension of your driver's license,* and three years of post-release control? Do you understand that?" (Emphasis added). Tr. I at 12.

Appellant replied in the affirmative. Tr. I at 12. Appellant also acknowledged receiving, reading, understanding, signing, and discussing with his attorney the admission of guilt form discussed previously. Tr. I at 7. The written admission of guilt form in this instance contains a written notation stating, "driver's license suspension 3-life."

**{¶33}** Accordingly, upon review, we find the trial court substantially complied with Crim.R. 11 regarding the issue of mandatory driver's license suspension.

<u>Trial Court Case No. 12CR541</u>

**{¶34}** On December 18, 2012, appellant appeared before the trial court for a change of plea hearing in case number 12CR541. Appellant herein specifically asserts the trial court failed at that time to adequately inform him concerning the nature of his post-release control. Appellant further asserts the trial court erred in failing to properly inform him of the mandatory suspension of his driver's license before the acceptance of his plea.

**{¶35}** During the plea colloquy, appellant acknowledged that no one had threatened him, or promised him anything in order to make him enter his pleas. Tr. III at 12. The following colloquy also occurred, inter alia, on the record during the December 18, 2012 plea hearing:

**{¶36}** "Q. And do you understand if you were sent to the penitentiary, served out your sentence and then were released, that you could be placed by the State on post-release control; and if you violate the terms of post-release control, you're subject to being returned to the penitentiary for more incarceration even though you've completed your entire sentence? Do you understand that?

**{¶37}** "A. Yes, sir, I do."

**{¶38}**     Tr. III at 13.

**{¶39}**     Again, the trial court also asked appellant if he had received the admission of guilt form that was before the court, if he had read it, if he had discussed it with his attorney, if he understood it, and if he had signed it. Tr. III at 7. Appellant answered in the affirmative to each of these questions. Tr. III at 7. Additionally, the trial court asked if appellant had any questions regarding the admission of guilt form, to which appellant replied "[n]o." Tr. III at 7. Said form is virtually identical to the form utilized in case number 12CR330, except that it states "*** I *will* have 3 years of post-release control" rather than "I *may* have ***."

**{¶40}**     Upon review, we again find no basis to alter our prior position on the issue of PRC notification during a plea as stated in *Alexander* and *Munyan*, and we find the trial court substantially complied with the pertinent aspects of Crim.R. 11(C) in case number 12CR541.

**{¶41}**     Appellant secondly argues that he was not properly informed regarding the mandatory suspension of his driver's license. Unlike at the plea hearing held in case 12CR330, the trial court did not mention license suspension in the colloquy prior to accepting the plea in case number 12CR541, nor was the pertinent suspension set forth in the admission of guilt form. Nonetheless, after the pleas were accepted, the trial court was reminded by the assistant prosecutor to address the issue, at which time the court indicated: "I'll impose a two-year driver's license suspension." Tr. III at 23.

**{¶42}**     A defendant must show prejudice before a plea will be vacated for a trial court's error involving Crim.R. 11(C) procedure when nonconstitutional aspects of the colloquy are at issue. *State v. Mackey*, 8th Dist. Cuyahoga No. 99390, 2013-Ohio-4698,

¶ 9, citing *Veney*, *supra*, at ¶ 14–17. In the case sub judice, the plea hearing transcript gives no indication that appellant changed his mind about entering the plea once he was informed of the two-year driver's license suspension. *Cf. State v. Lindenmayer*, 5th Dist. Licking No. 08-CA-142, 2009-Ohio-3982, ¶77 (addressing Crim.R. 11(B)). We further note the issue of license suspension was not mentioned in appellant's pro se motion for a delayed appeal in the case sub judice.

**{¶43}** We therefore find appellant's plea in case 12CR541 was valid under these circumstances even though the court did not inform him of the two-year license suspension penalty until the conclusion of the hearing.

**{¶44}** Appellant's First Assignment of Error is therefore overruled.

II.

**{¶45}** In his Second Assignment of Error, appellant contends his no contest plea was not voluntary, because the trial court did not sufficiently advise him that it could reject the combined five and one-half year prison sentence recommended by the prosecutor. We disagree.

**{¶46}** It is well established that a trial court is not bound to accept a sentence recommendation proposed by the prosecution. *See, e.g., Akron v. Ragsdale* (1978), 61 Ohio App.2d 107, 109, 399 N.E.2d 119. Furthermore, Crim.R. 11 "does not contemplate that punishment will be a subject of plea bargaining, this being a matter either determined expressly by statute or lying with the sound discretion of the trial court." *State v. Mathews* (1982), 8 Ohio App.3d 145, 146, 456 N.E.2d 539. In cases where a defendant challenges a plea on direct appeal by arguing the trial court had not adequately advised him or her that it could reject the sentence recommended by the

prosecutor, we review the record and the totality of the circumstances surrounding the plea and consider whether the trial court has sufficiently explained the potential incarceration periods and sentencing ranges. *See State v. Deresse*, 5th Dist. Licking No. 09CA11, 2009-Ohio-6725, ¶75; *State v. Bailey*, 5th Dist. Knox No. 05 CA 13, 2005-Ohio-5329, ¶ 17.

**{¶47}**    In the matter sub judice, in both 12CR330 and 12CR541, the record reveals appellant repeatedly indicated during his colloquy with the trial court that he waived certain rights, understood the nature of the charges against him and the range of possible penalties, and acknowledged that no one had threatened or promised him anything in order to make him change his plea. *See, e.g.*, Tr. I at 12-13, Tr. III at 12-13. Upon review of the record and the totality of the circumstances surrounding the pleas in the two trial court cases (*State v. Carter, supra*), we find the trial court sufficiently explained the potential incarceration periods and ranges of the sentences, and we hold the trial court did not err on this basis in finding appellant was entering a voluntary, knowing, and intelligent plea.

**{¶48}** Appellant's Second Assignment of Error is therefore overruled.

**{¶49}** For the reasons stated in the foregoing opinion, the judgments of the Court of Common Pleas, Licking County, Ohio, are hereby affirmed.


By: Wise, J.

Farmer, P. J., and

Delaney, J., concur.


_____

HON. JOHN W. WISE


_____

HON. SHEILA G. FARMER


_____

HON. PATRICIA A. DELANEY

JWW/d 1121

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


STATE OF OHIO                              :
                                           :
    Plaintiff-Appellee                 :
                                           :
-vs-                                       :          JUDGMENT ENTRY
                                           :
JOSHUA S. BROWN                            :
                                           :
    Defendant-Appellant                :          Case No. 13 CA 13


       For the reasons stated in our accompanying Memorandum-Opinion, the judgments of the Court of Common Pleas of Licking County, Ohio, in case numbers 12 CR 330 and 12 CR 541 are affirmed.

       Costs assessed to appellant.


                                       _____
                                       HON. JOHN W. WISE


                                       _____
                                       HON. SHEILA G. FARMER


                                       _____
                                       HON. PATRICIA A. DELANEY