[Cite as *State v. Bryson*, 2020-Ohio-2795.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES: |
| | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | Hon. John W. Wise, J. |
| | Hon. Patricia A. Delaney, J. |
| -vs- | |
| | Case No. 19 CA 00068 |
| JAMES E. BRYSON | |
| | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:      Criminal Appeal from the Court of Common Pleas, Case No.  18 CR 00415


JUDGMENT:      Affirmed


DATE OF JUDGMENT ENTRY:      May 1, 2020


APPEARANCES:

For Plaintiff-Appellee      For Defendant-Appellant

WILLIAM C. HAYES      WILLIAM T. CRAMER
PROSECUTING ATTORNEY      470 Olde Worthington Road
BILL CASE      Suite 200
ASSISTANT PROSECUTOR      Westerville, Ohio  43082
20 South Second Street, Fourth Floor
Newark, Ohio  43055

*Wise, J.*

**{¶1}** Appellant, James E. Bryson, appeals from his convictions, following his guilty pleas to two second-degree felony counts of aggravated trafficking, in the Licking County Court of Common Pleas.[1]

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

**{¶2}** At Mr. Bryson's change-of-plea hearing and sentencing on February 20, 2019, the prosecutor presented the following facts with regard to Counts I and II of the indictment. On October 19, 2018, Mr. Bryson, along with two codefendants, Timothy Freize and Rodney Tingler, Jr., sold methamphetamine to a confidential informant who was working with the Central Ohio Drug Enforcement Task Force. (Tr. at 10) The confidential informant contacted Mr. Freize to arrange a drug sale. (*Id.*) Thereafter, the confidential informant picked up Mr. Freize and proceeded to the McDonald's restaurant located at 10780 Hebron Road, Buckeye Lake, Licking County. (*Id.*)

**{¶3}** Mr. Bryson and Mr. Tingler met with the confidential informant and Mr. Freize at the McDonald's. While in the bathroom at the restaurant, the drugs were sold to the confidential informant for $600. (*Id.*) On the date of the sale, Mr. Bryson owned and drove a 2008 Chevy Impala to the McDonald's restaurant. (*Id.*) Following the sale of the drugs, Mr. Bryson, Mr. Tingler, and Mr. Freize left the restaurant in Mr. Bryson's vehicle. (*Id.*) The police initiated a traffic stop and after placing Mr. Bryson under arrest, the police

---

[1] In lieu of his guilty pleas, the state moved to dismiss the remaining counts of the indictment, including: Count III (Aggravated Possession of Drugs, third degree felony); Count IV (Aggravated Trafficking in Drugs, first degree felony); Count V (Aggravated Possession of Drugs, fifth degree felony); and four forfeiture specifications for a vehicle, firearm, and U.S. currency. The trial court granted the state's motion on February 20, 2019.

searched his vehicle. (*Id.*) The officers located a glass pipe with residue. (*Id.*) The police found a large sum of cash, including $480 of the pre-recorded buy money, which fell from Mr. Bryson's lap as he exited the vehicle. (*Id.*) In addition to this money, Mr. Bryson was also in possession of $240. (*Id.* at 12) The police also located a plastic bag containing a large amount of suspected methamphetamine in the center console of Mr. Bryson's vehicle. (*Id.* at 11) BCI subsequently tested the drugs found in the center console of Mr. Bryson's vehicle and recovered from the sale and confirmed it was methamphetamine, with a total weight of 86.78 grams and 28.06 grams, respectively. (*Id.* at 11, 12) Finally, in the backseat of the vehicle, the police found a black, metal briefcase which also contained methamphetamine, drug paraphernalia, a loaded handgun, and a digital scale. (*Id.*) The Chevy Impala and handgun were subject to forfeiture as they were profits from drug trafficking and/or were instrumentalities or used or intended to be used in the commission of drug trafficking. (*Id.* at 12)

**{¶4}** Mr. Bryson indicated that he agreed with this recitation of the facts and thereafter, changed his plea to guilty. (*Id.* at 12, 16) The trial court accepted Mr. Bryson's guilty pleas finding them to be freely, voluntarily, and understandingly made. (*Id.*) The trial court sentenced Mr. Bryson to six years of imprisonment on each of the two counts to run concurrently. (*Id.* at 24)

**{¶5}** Mr. Bryson subsequently filed a Motion for Leave to File an Appeal of the trial court's Judgment Entry of February 20, 2019. We granted Mr. Bryson's motion on October 7, 2019. Mr. Bryson sets forth one assignment of error for the our consideration.

**ASSIGNMENT OF ERROR**

**{¶6}** "I. APPELLANT'S GUILTY PLEA WAS NOT ENTERED KNOWINGLY, INTELLIGENTLY, OR VOLUNTARILY BECAUSE THE TRIAL COURT FAILED TO SPECIFY THE PENALTIES FOR VIOLATING POST-RELEASE CONTROL AND THE LENGTH OF A POTENTIAL DRIVER'S LICENSE SUSPENSION."

**LEGAL ANALYSIS**

**{¶7}** Mr. Bryson raises three issues for our consideration in his sole assignment of error. First, he maintains the trial court did not substantially comply with Crim.R. 11 because it failed to explain to him that a violation of post-release control would subject him to nine months incarceration for each violation up to a total of one-half of the original sentence. Second, Mr. Bryson contends the trial court did not substantially comply with Crim.R. 11 by failing to mention that a potential driver's license suspension could be up to five years in length. Finally, Mr. Bryson claims prejudice because he would not have entered his guilty pleas if he had been fully advised of the penalties. We conclude none of these arguments have merit.

A.  Caselaw on acceptance of guilty pleas

**{¶8}** Crim.R. 11(C)(2) requires a trial court, in a felony plea hearing, to address the defendant personally and convey certain information to the defendant making clear it will not accept a guilty plea without performing these duties. *State v. Holmes*, 5th Dist. Licking No. 09 CA 70, 2010-Ohio-428, ¶ 10. Section (C)(2)(a) further requires the trial court to determine, "that the defendant is making the plea voluntarily, with the understanding of the nature of the charges and of the maximum penalty involved, if

applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing."

**{¶9}** In *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, the Ohio Supreme Court addressed the specific constitutional rights referenced in Crim.R. 11(C)(2) that must be addressed by a trial court before accepting a guilty plea::

> [A] trial court must strictly comply with Crim.R. 11(C)(2)(c) and orally advise a defendant before accepting a felony plea that the plea waives: (1) the right to a jury trial; (2) the right to confront one's accusers; (3) the right to compulsory process to obtain witnesses; (4) the right to require the state to prove guilt beyond a reasonable doubt, and (5) the privilege against compulsory self-incrimination.

**{¶10}** (Emphasis added.) *Id.* at ¶ syllabus. When a trial court fails to strictly comply with this duty, a defendant's plea is invalid. *Id.*

**{¶11}** However, in accepting a guilty plea with regard to non-constitutional rights, a trial court must *substantially comply* with Crim.R. 11(C)(2)(c), which we review based on the totality of the circumstances. *State v. Nero,* 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). "Substantial compliance" means, under the totality of circumstances, a defendant subjectively understood the implications of his plea and the rights he was waiving. *Id.* at 108. Thus, " '[f]or nonconstitutional rights, scrupulous adherence to Crim.R. 11(C) is not required; the trial court must substantially comply, provided no prejudicial effect occurs before a guilty plea is accepted.' " (Citations omitted.) *State v. Brown*, 5th Dist. Delaware No. 13 CA 13, 2013-Ohio-5515, ¶ 21.

**{¶12}** In this case, Mr. Bryson challenges only non-constitutional rights concerning penalties for violating post-release control and the length of a potential driver's license suspension.

### B.   Post-Release Control

**{¶13}** Mr. Bryson argues the trial court mentioned the possibility of additional prison time for violating post-release control, but failed to provide the details. In *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d 1224, the Ohio Supreme Court held the maximum penalty includes post-release control and if a trial court fails to advise a defendant of post-release control during the plea colloquy, the defendant may challenge the validity of the plea on appeal. *Id.* at ¶ 25.

**{¶14}**  During the change-of-plea hearing, the trial court advised Mr. Bryson about post-release control:

Q.     And do you understand, Mr. Bryson, that upon release from the penitentiary you'd be placed on a period of post-release control, and if you were to violate the terms of post-release control, you're subject to being returned to the penitentiary for more incarceration even though you've already served out your entire sentence? Do you understand that?

A.     Yes, sir.

**{¶15}**  (Tr. at 15)

**{¶16}**  Mr. Bryson argues on appeal that this discussion of post-release of control, at his change-of-plea hearing, did not substantially comply with the mandates of Crim.R. 11. Although the trial court mentioned the possibility of additional prison time for violating post-release control, it failed to provide the details. Because Mr. Bryson's challenge

concerns a non-constitutional right, the trial court had to substantially comply with Crim.R. 11.

**{¶17}** In support of his argument, Mr. Bryson cites *State v. Gulley*, 1st Dist. Hamilton No. C-040675, 2005-Ohio-4592. In *Gulley*, the trial court advised the defendant that: " 'Once you've served your time, the parole board will decide whether or not they want to place you on Post-Release Control, what we used to call 'parole.' If they do place you on Post-Release Control, and you violate the conditions [of] that control, you can be sent back to the penitentiary.' " *Id.* at ¶ 5. The court of appeals vacated defendant's guilty plea finding no substantial compliance with Crim.R. 11 because the trial court did not advise defendant of the length of post-release control and the specific penalties for violating post-release control. *Id.* at ¶¶ 23, 26.

**{¶18}** Mr. Bryson also cites a decision from the Eighth District Court of Appeals, *State v. McCollins*, 8th Dist. Cuyahoga No. 87182, 2006-Ohio-4886. During the plea colloquy, in *McCollins*, the trial court "told defendant that 'if [he is] sent to the institution and [he is] place[d] on post-release control, [his] failure to abide by conditions could result in further criminal charges or further administrative time.' " *Id.* at ¶ 6. As in *Gulley*, the court of appeals in *McCollins* vacated defendant's guilty plea finding no substantial compliance with Crim.R. 11 because it did not inform defendant about the duration of the mandatory post-release control period. *Id.* at ¶ 11.

**{¶19}** In the present matter, the trial court judge, at the change-of-plea hearing, did not provide the specifics regarding the length of post-release control and the penalties for violating post-release control. However, Mr. Bryson also signed a written plea form

that indicated the appropriate terms for violating post-release control. Specifically, this form advised:

> If I violate conditions of supervision while under post release control, the Parole Board could return me to prison for up to nine months for each violation, for repeated violations up to ½ of my originally stated prison term. If the violation is a new felony, I could receive a prison term of the greater of one year or the time remaining on post release control, which would be consecutive to any other prison term imposed for the new offense.

**{¶20}** (Trial Court Docket No. 62)

**{¶21}** Mr. Bryson concedes in his brief this Court has previously found substantial compliance under similar factual circumstances. For example, in *State v. Brown*, 2013-Ohio-5515, the trial court judge did not provide the specifics of what may occur if defendant violated his post-release control. *Id.* at ¶ 26. Instead, the judge stated: "[I]f you violated the terms of post-release control, you're subject to being returned to the penitentiary for more incarceration even though you've served out your entire sentence? Do you understand that?" *Id.* We found the trial court judge substantially complied with Crim.R. 11 referencing our prior decisions in *State v. Alexander*, 5th Dist. Stark No. 2012CA00115, 2012-Ohio-4843 and *State v. Munyan*, 5th Dist. Licking No. 08-CA-88, 2009-Ohio-2348. The *Brown* court concluded, "that where the written plea form fills in information regarding post-release control missing from the plea colloquy, the trial court has substantially complied with Crim.R. 11 for PRC purposes." *Brown* at ¶ 30.

**{¶22}** Based on these prior decisions, the trial court judge's statements at the change-of-plea hearing regarding post-release control, along with the written change-of-plea form taken as a whole, substantially complied with the mandates of Crim.R. 11.

### C. Driver's License Suspension

**{¶23}** Mr. Bryson also raises the same challenge as to the driver's license suspension information provided by the trial court judge at his change-of-plea hearing. This too involves a non-constitutional right and therefore, required only substantial compliance to satisfy Crim.R. 11. In this challenge, Mr. Bryson points out the trial court failed to mention the duration of the driver's license suspension. At the change-of-plea hearing, the trial court stated:

> Q.      [T]he maximum sentence you could receive under the remaining two counts of this indictment would consist of a term of 16 years at a state penitentiary, a $30,000 fine, a suspension of your driver's license, and three years of mandatory post-release control? Do you understand that?"
>
> A.      Yes, sir.

**{¶24}** (Tr. at 14) However, the change-of-plea form provided additional information about the driver's license suspension, stating: "I understand that for drug crimes my driver's license may be suspended at least 6 months and could be suspended up to 5 years." (Trial Court Docket No. 62)

**{¶25}** Based on the same case law and analysis set forth above, we conclude the trial court judge substantially complied with the mandates of Crim.R. 11 when addressing the driver's license suspension issue. *See also State v. Hendershot*, 5th Dist. Muskingum

No. CT2016-0061, 2017-Ohio-8112, 98 N.E.3d 1139, ¶ 29, where this Court held: "[A]lthough the trial court did not orally inform appellant that his convictions subjected him to a mandatory license suspension, the trial court substantially complied with Crim.R. 11 where appellant signed a plea agreement before entering his guilty plea that informed him of the license suspension." (Citations omitted.)

### D. Showing of Prejudice

**{¶26}** Mr. Bryson asserts the trial court only partially complied with Crim.R. 11 by mentioning post-release control and the driver's license suspension, without providing details. As a result, Mr. Bryson concludes he is entitled to a reversal upon a showing of prejudice. The test for prejudice is whether the defendant would have made the plea absent the error. *State v. Nero*, 56 Ohio St.3d at 108, 564 N.E.2d 474.

**{¶27}** Here, we determined the trial court judge substantially complied with Crim.R. 11 when addressing the matters of post-release control and the driver's license suspension at Mr. Bryson's change-of-plea hearing. Only where the trial court fails to substantially comply with a nonconstitutional right are we required to determine whether the trial court partially complied or failed to comply with Crim.R. 11. (Citation omitted.) *State v. Bishop*, 156 Ohio St.3d 156, 2018-Ohio-5132, 124 N.E.3d 766, ¶ 19. Because we find substantial compliance by the trial court Mr. Bryson cannot establish prejudice. Therefore, we do not need to determine whether the trial court judge either partially or failed to comply with Crim.R. 11. The trial court judge's substantial compliance precludes a finding of prejudice.

**{¶28}** Mr. Bryson's sole assignment of error is overruled.

**{¶29}** For the foregoing reasons, the judgment of the Court of Common Pleas, Licking County, Ohio, is affirmed.

By:  Wise, J.

Gwin, P. J., and

Delaney, J., concur.