[Cite as *State v. Basehart*, 2022-Ohio-904.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. William B. Hoffman, J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. CT2021-0010 |
| CODY BASEHART | : |  |
|  | : |  |
| Defendant-Appellant | : | OPINION |


CHARACTER OF PROCEEDING:     Criminal appeal from the Muskingum
County Court of Common Pleas, Case Nos.
CR2020-0111 and CR2020-0279


JUDGMENT:     Affirmed


DATE OF JUDGMENT ENTRY:     3/21/2022


APPEARANCES:

For Plaintiff-Appellee                     For Defendant-Appellant

RONALD L. WELCH                       JAMES S. SWEENEY
Prosecuting Attorney                   285 South Liberty Street
BY: TAYLOR P. BENNINGTON       Columbus, OH 43215
Assistant Prosecutor
27 North Fifth Street, Box 189
Zanesville, OH 43701

*Gwin, P.J.*

{¶1} Appellant Cody Basehart appeals the judgment entries of the Muskingum County Court of Common Pleas. Appellee is the State of Ohio.

*Facts & Procedural History*

{¶2} At the change of plea hearing, the prosecutor presented the following facts as to Case Number CR2020-0111. On January 23, 2019, officers conducted a traffic stop after they observed a Ford F-150, driven by appellant, make an improper left turn. During the traffic stop, a K-9 alerted on the vehicle. A vial containing a crystal substance was found between the front seats. Two chunks of what appeared to be methamphetamine, a glass smoking pipe, and a set of scales were also located between the front seats. Another vial containing a small glass pipe and piece of foil with a white substance on it was located in the vehicle. Appellant stated none of the drugs were his. The suspected drugs were tested and found to be three-tenths of a gram of methamphetamine.

{¶3} On September 11, 2019, an officer initiated a traffic stop at 2:38 a.m. Appellant was the driver of the vehicle. The officer noticed a glass pipe laying on the seat, and smelled marijuana. There was a small metal box below the driver's seat on the floorboard containing marijuana, a clear plastic bag containing a white substance, a glass pipe, and a plastic straw. Appellant took immediate ownership of the narcotics and told police it was his methamphetamine. The white substance was tested and confirmed to be 3.49 grams of methamphetamine.

{¶4} The prosecutor also presented facts with regard to Case Number CR2020-0279 at the plea hearing. On February 16, 2020, appellant was driving the Ford F-150 while he was intoxicated on THC, methamphetamine, and amphetamine. Appellant drove

off the right side of the road and struck the victim as she was walking on the side of the road. The truck traveled through a utility pole and came to rest in front of Whit's Frozen Custard. The victim died of her injuries. After the accident, a witness saw appellant gathering baggies inside the car. The witness saw appellant leave the vehicle, and walk over to a trash can near Whit's to dispose of the baggies. Police later recovered baggies of methamphetamine from the trash can.

{¶5} On February 26, 2020, appellant was indicted on charges stemming from the January 2019 and September 2019 incidents in Case Number CR2020-0111. These charges were as follows: one count of possession of drugs (methamphetamine), a felony of the fifth degree, in violation of R.C. 2925.11(A); one count of possession of drugs (methamphetamine), a felony of the third degree, in violation of R.C. 2925.11(A); and two counts of possession of drug paraphernalia, misdemeanors of the fourth degree, in violation of R.C. 2925.14(C)(1).

{¶6} On July 8, 2020, in Case Number CR2020-079, appellant entered into a waiver and plea of guilty to a bill of information to the following counts arising from the February 16th incident: one count of aggravated vehicular homicide, a felony of the second degree, in violation of R.C. 2903.06(A)(1)(a), and three counts of operating a vehicle while under the influence, unclassified misdemeanors, in violation of R.C. 4511.19(A).

{¶7} The trial court held a plea hearing for both cases on July 8, 2020. During the plea hearing, counsel for appellant stated he "advised [appellant] that he faces a lifetime driver's license suspension." After counsel made this statement, the trial judge inquired as to whether appellant heard the statement by his attorney and whether it was

appellant's understanding of what "they were going to do today."  Appellant responded, "yes."  The trial judge then went through the maximum penalty for each charge in the indictment and bill of information.  As to the aggravated vehicular manslaughter count, the trial court stated, "you also understand that count also carries a possible penalty of a license suspension up to a lifetime?"  Appellant responded, "yes."  The plea agreement signed by appellant includes the potential license suspensions appellant faced for the OVI counts (unclassified license suspension, 2 to 12 years), but does not include the mandatory license suspension for Count 1.

{¶8}  The trial court entered judgment entries of conviction in each case on July 9, 2020.

{¶9}  The trial court held a sentencing hearing on August 17, 2020.  At the sentencing hearing, appellant stated he was "remorseful and I hope the family can forgive me someday."  The total prison term the trial court sentenced appellant to for Case Numbers CR2020-0111 and CR2020-0279 was an aggregate stated minimum prison term of nine (9) years and an indefinite maximum prison term of twelve and one-half (12.5) years.  The trial court also ordered restitution in the amount of $13,621.64, and imposed a lifetime driver's license suspension.

{¶10}  The trial court issued a final judgment entry in each case on August 18, 2020.

{¶11}  Appellant appeals the August 18, 2020 judgment entries of the Muskingum County Court of Common Pleas and assigns the following as error:

{¶12}  "I. DEFENDANT-APPELLANT'S GUILTY PLEA IN CR2020-0279 WAS NOT KNOWINGLY, VOLUNTARILY, AND INTELLIGENTLY MADE."

I.

{¶13} Appellant argues his plea was not knowing, intelligent, or voluntary pursuant to Criminal Rule 11(C) because the trial court failed to advise him that he was subject to a mandatory lifetime driver's license suspension. Appellant thus contends his guilty plea should be vacated.

{¶14} Criminal Rule 11(C) requires a trial court, in a felony plea hearing, to address the defendant personally and convey certain information to the defendant, making clear it will not accept a guilty plea without performing these duties. *State v. Holmes*, 5th Dist. Licking No. 09 CA 70, 2010-Ohio-428. Section (C)(2) further requires the trial court to determine, "that the defendant is making the plea voluntarily, with the understanding of the nature of the charges and of the maximum penalty involved * * *. ´

{¶15} In *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, the Ohio Supreme Court addressed the constitutional rights referenced in Criminal Rule 11 and stated as follows:

[A] trial court must strictly comply with Crim.R. 11(C)(2)(c) and orally advise a defendant before accepting a felony plea that the plea waives: (1) the right to a jury trial; (2) the right to confront one's accusers; (3) the right to compulsory process to obtain witnesses; (4) the right to require the state to prove guilt beyond a reasonable doubt; and (5) the privilege against self-incrimination.

{¶16} When a trial court fails to strictly comply with this duty, a defendant's plea is invalid. *Id.*

{¶17} However, in accepting a guilty plea with regard to non-constitutional rights, a trial court must substantially comply with Criminal Rule 11(C)(2)(c), which we review based on the totality of the circumstances. *State v. Nero*, 56 Ohio St.3d 106, 564 N.E.2d 474 (1990). "Substantial compliance" means, under the totality of the circumstances, a defendant subjectively understood the implications of his plea and the rights he was waiving. *Id.* Thus, "[f]or nonconstitutional rights, scrupulous adherence to Crim.R. 11(C) is not required; the trial court must substantially comply, provided no prejudicial effect occurs before a guilty plea is accepted." *State v. Brown*, 5th Dist. Delaware No. 13 CA 13, 2013-Ohio-5515.

{¶18} In this case, appellant challenges a non-constitutional right, the alleged failure to notify him of the mandatory license suspension, a component of the maximum penalty for the charges. *State v. Schultz*, 5th Dist. Fairfield No. 12 CA 24, 2013-Ohio-2218. Therefore, only substantial compliance is required to satisfy Criminal Rule 11.

{¶19} A review of the transcript of the plea hearing demonstrates the trial court substantially complied with Criminal Rule 11 in this case. The trial court specifically informed appellant about the potential for a lifetime driver's license suspension before accepting appellant's plea. Appellant stated he understood his driver's license could be suspended for his lifetime. Further, during the plea hearing, counsel for appellant stated he advised appellant that he faced a lifetime driver's license suspension. After counsel for appellant made this statement, the trial judge inquired as to whether appellant heard the statement by his attorney and whether it was appellant's understanding of "what they were going to do today." Appellant responded, "yes." We find, under the totality of the

circumstances, appellant subjectively understood the implications of his plea and the rights he was waiving.

{¶20} Appellant cites *State v. Waltz*, 2nd Dist. Montgomery No. 23783, 2012-Ohio-4627, in support of his argument. However, we find the *Waltz* case distinguishable from the instant case. In *Waltz*, the trial court never orally advised the defendant about a lifetime license suspension. Further, the trial court in *Waltz* affirmatively informed the defendant that the discussed penalties (prison term, fines, and post-release control) were "all the possible penalties" he faced. *Id.*

{¶21} Unlike in the *Waltz* case, the trial court in this case did mention the lifetime license suspension during the plea colloquy. Counsel for appellant advised appellant about the mandatory license suspension, and appellant confirmed to the trial court that he understood his attorney's statement.

{¶22} We conclude the trial court substantially complied with the mandates of Criminal Rule 11 when addressing the driver's license suspension issue and appellant's plea was knowingly, intelligently, and voluntarily made.

{¶23} However, even if the trial court did not substantially comply with Criminal Rule 11 when addressing the driver's license suspension, we find appellant has not demonstrated prejudice.

{¶24} "A defendant must show prejudice before a plea will be vacated for a trial court's error involving Crim.R. 11(C) procedure when no constitutional aspects of the plea colloquy are at issue." *State v. Brown*, 5th Dist. Delaware No. 13 CA 13, 2013-Ohio-5515. The test for prejudice is whether the defendant would have made the plea absent the error. *State v. Nero*, 56 Ohio St.3d 106, 564 N.E.2d 474 (1990).

{¶25} Appellant never asserts that, had he been aware of the mandatory lifetime driver's suspension, he would not have accepted the plea agreement, nor is that assertion reasonable from the record. The record demonstrates that, in exchange for his guilty plea to the bill of information, the prosecutor did not indict him on additional charges. Further, based upon the information the trial court provided appellant during the plea colloquy that the aggravated vehicular manslaughter count carried a "possible" penalty of a lifetime license suspension, appellant was well aware it was a possibility and he must have contemplated receiving such a sentence before accepting the plea. *State v. Thompson*, 2nd Dist. Montgomery No. 28308, 2020-Ohio-211. Thus, it is not reasonable that this alone prejudiced appellant and that he would not have made this plea agreement had he known of the mandatory suspension.

{¶26} Appellant has not demonstrated he would not have entered a plea had he been more thoroughly advised regarding his non-constitutional rights. Accordingly, even if the trial court did not substantially comply with Criminal Rule 11(C), appellant has failed to demonstrate he was prejudiced by the trial court's deficiencies.

{¶27}   Based on the foregoing, appellant's assignment of error is overruled.

{¶28}   The judgment entries of the Muskingum County Court of Common Pleas are affirmed.

By Gwin, P.J.,

Hoffman, J., and

Baldwin, J., concur